Appling *vs.* Odom and Mercier.

THOMAS K. APPLING, plaintiff in *fi. fa.*, plaintiff in error, *vs.* STEPHEN ODOM, defendant in *fi. fa.*, and A. J. MERCIER, claimant, defendants in error.

An owner of land, who contracts with a cropper that he shall furnish to the cropper certain supplies with which to make the crop, and that the share of the cropper should not be moved from the place until such advances are paid for, has a right to retain the crop until said advances are paid, against the cropper and all purchasers from him, or mortgagees, subsequent to the date of the contract.

Lien of landlord. Before Judge HARRELL. Early Superior Court. April Term, 1872.

On the 28th day of November, 1871, Stephen Odom executed a mortgage on all his crop of corn and cotton grown on the plantation of A. J. Mercier, in the county of Early, to secure the payment of a promissory note of same date, payable one day after date, for $270. This mortgage was foreclosed, and on December 6th, 1871, an execution was issued and levied on the following day on five bales of seed cotton, more or less, as the property of said Stephen Odom. On February 2d, 1872, a claim was filed to said cotton by A. J. Mercier.

On the trial of the issue formed upon said claim, it appeared, from the evidence, that there was a contract between A. J. Mercier, of the one part, and John Mozee and said Odom, of the other part, by which A. J. Mercier was to furnish the land and mules, and Mozee and Odom to furnish the labor to make a crop; that A. J. Mercier was to have one-half the crop for his rent; that eleven bales of cotton were made and packed; that the larger portion of two bales left standing in the field was lost on account of Odom' leaving the place; that one hundred bushels of corn, fifteen hundred pounds of fodder and three hundred and eighty-five bushels of cotton seed was also made; that the corn was worth $1 15 per bushel, the fodder $1 per hundred pounds, and the cotton seed twenty cents per bushel; that one John

Milton, as agent for Mercier, furnished Odom with about eight hundred pounds of bacon and about eight bushels of corn; that A. J. Mercier furnished supplies, in addition, to Mozee and Odom, all of which was to be paid for before the crop was to be removed from the place; that meat was worth in the spring of the year 1871 from twenty to twenty-five cents per pound on a credit and fifteen cents cash; that John Milton, as agent of A. J. Mercier, some time after the levy, together with the sheriff and some hands, divided the crop of cotton and the four and one-half bales levied on were placed in the hands of the sheriff; that Mozee was not present at the division and did not consent to the same.

The Court charged the jury that if the testimony showed that the sheriff and John Milton, as agent of A. J. Mercier, had divided the cotton and set it apart as the property of Stephen Odom, they must find the property subject to the *fi. fa.*

The jury returned a verdict for the claimant. Plaintiff in *fi. fa.* moved for a new trial upon the following grounds, to-wit:

1st. Because the verdict was contrary to law.

2d. Because the verdict was contrary to evidence and strongly and decidedly against the weight of evidence.

3d. Because the verdict was contrary to the charge of the Court.

The motion for a new trial was overruled, and plaintiff in error excepted and assigns error upon each of the grounds contained in said motion.

A. Hood, for plaintiff in error.

No appearance for defendant.

McCay, Judge.

There is an obvious distinction between a cropper and a tenant. One has a possession of the premises, exclusive of the landlord; the other has not. The one has a right for a

fixed time; the other has only a right to go on the land to plant, work and gather the crop. The possession of the land is with the owner as against the cropper. This is not so of the tenant. The case made in the record is not the case of a tenant. The owner of the land furnished the land and the supplies. The share of the cropper was to remain on the land, and to be subject to the advances of the owner for supplies. The case of the cropper is rather a mode of paying wages than a tenantcy. The title to the crop subject to the wages is in the owner of the land. We are of opinion therefore, that no person can purchase or take a lien on the wages of the cropper, to-wit: his share of the crop until the bargain be completed, to-wit: until the advances of the planter to the cropper, for the supplies, have been paid for. A different rule might obtain, as to a tenant, the right of the landlord for supplies being only a lien. But the cropper's share of the crop is not his until he has complied with his bargain.

Judgment affirmed.