Cochran *vs.* Swann.

GEORGE T. COCHRAN, plaintiff in error. *vs.* WILLIAM B. SWANN, defendant in error.

1. A creditor does not have a laborer's lien for work which he has done for the debtor by other persons hired by him to do the work.

2. Upon the trial of an issue formed in such a case, it is necessary to a recovery by the creditor for any part of the claim, that he should show for what portion of the work he is entitled to the lien and the value of such portion.

3. In such a proceeding the plaintiff cannot amend so as to change the case into an ordinary action of assumpsit or complaint.

Laborer's lien.  Amendment.  Before Judge BUCHANAN. Campbell Superior Court.  February Term, 1874.

Cochran foreclosed a laborer's lien against Swann.  The defendant denied the existence of the lien.  Upon the trial, it appeared from the evidence of the plaintiff that the work was done by himself and five or six hands employed by him. What precise work he individually did, and the value of it, was not shown.  Defendant moved to dismiss the proceedings.  Before this motion was acted on, plaintiff proposed to amend by changing the proceeding into an action of assumpsit or complaint.  The court overruled the second motion and sustained the first, to both of which rulings plaintiff excepted.

W. F. WRIGHT; W. H. ANDREWS, for plaintiff in error.

No appearance for defendant.

TRIPPE, Judge.

1. One who contracts to get cross-ties, and does get them by the employment of other persons, who do the work, does not have a laborer's lien against the party for whom he is to furnish the ties, for the payment of the debt thereby created: See *Wooten vs. Archer,* 49 *Georgia,* 388, and *Callahan vs. Savannah and Charleston Railroad, Ibid.,* 506. The principle decided in those cases control this.

2. If the defendant make an issue denying the existence of the lien, and the creditor wishes to recover for any part of the claim because that part of it does have the lien, he should show by proof for what portion of the work he is entitled to the lien, and the value of that portion. This was not done in this case.

3. In a proceeding for the summary enforcement of a laborer's lien, the plaintiff cannot amend so as to change the case into an ordinary action of assumpsit, or complaint under the statutory form. The case of *Dunning & Tuttle vs. Stovall,* 30 *Georgia,* 444, is not a precedent for such an amendment. That was a regular action commenced by the usual petition and process, with the additional claim for the enforcement of the mechanic's lien, and the amendment allowed was to strike out that part of the petition referring to the lien and to insert such allegations as were necessary to sustain the case against the trust property. It was a suit instituted in the superior court, with regular service, and there were all the pleadings necessary to amend by: See *The Columbus Iron Works Company vs. Loudon,* decided at the present term, and *Parish vs. Murphy et al.,* 51 *Georgia,* 614. Here there are not such pleadings—there is no stock to graft upon. The law of amendment, liberal as it is, does not permit summary proceedings to enforce specific liens, which are governed by special regulations, to be changed into formal actions at law, which are controlled in their commencement and mode of bringing parties into court by totally different rules.

Judgment affirmed.