## SIMS *vs.* DORSEY.

1. In the trial of a claim case, the property in question being a crop of corn, cotton, etc., produced on the claimant's land by the labor of the defendant in *fi. fa.*, the claimant is not estopped to set up that the defendant in *fi. fa.* was not his tenant, but cultivated the land as a mere cropper, though he took from him, whilst the crop was growing, a landlord's lien thereon for provisions and supplies, and, after the crop matured, sued out a distress warrant against him for rent, and caused said warrant to be levied upon the crop. These acts, though of great force as evidence on the question of title to the crop, did not prejudice the plaintiff in *fi. fa.* so as to work an estoppel in his favor, it not appearing that they induced him to extend the credit by which the defendant became his debtor, or in

any way lessened his security or affected his interest. See 13 *Ga.*, 486. The claimant had a right to explain and account for them, and thus harmonize them with his final position, that the title to the crop was in himself and so remained.

2. Where the evidence leaves it doubtful whether the defendant in *fi fa.* worked the claimant's land as a mere cropper, or whether the true relation between them was that of landlord and tenant, the doubt should be resolved here in favor of the verdict and not against it, the charge of the court below being free from error, and that court having refused a new trial.

3. There was nothing in the evidence to call for giving section 2756 of the Code in charge to the jury.

Estoppel. Landlord and tenant. Title. Contracts. New Trial. Before Judge HALL. Clayton Superior Court. March Term, 1877.

Certain justice court executions in favor of Sims against Vessels, and Vessels and Morris, were levied upon twenty-five acres of cotton in the field, 3,988 pounds of seed cotton gathered, twenty-five acres of corn in the field, and six thousand bundles of fodder. A claim was interposed by Dorsey. The magistrate found in favor of claimant, and plaintiff in *fi. fa.* appealed. In the superior court the cases were consolidated, and upon the trial the following facts appeared:

After the levy of the executions (September 30, 1875,) a distress warrant for $559.00 rent, in favor of Dorsey against Vessels, Morris and Guice, was levied upon the same property. This property was on the land of Dorsey, but in possession of Vessels, Morris also being present. In the last of the year 1874 or first of 1875, Dorsey contracted with Vessels as follows: The former was to furnish land, stock, blacksmith work, and everything necessary to make a crop; the latter, Morris and Guice, were to furnish the labor; the crop was to be divided equally, but Vessels' half was to be bound for all the provisions Dorsey might furnish, the latter reserving authority to control the crop until they were paid for. Dorsey furnished three horses or mules, and Vessels and his sons-in-law made the crop, consisting of about eight

bales of cotton, five hundred bushels of corn, fodder, etc. In the spring of 1875 Dorsey's son, who attended to most of this business, discovered that Vessels was obtaining provisions too rapidly, and took a lien as follows :

"We, whose names are hereunto annexed, do give unto S. G. Dorsey (landlord), of the county of Clayton, the landlord's lien provided for by the act of the legislature of 1866, upon our entire crop for the year 1875 for provisions and supplies furnished us by the said S. G. Dorsey, to enable us to make our crops for the year 1875.

Signed in presence of     (Signed)     T. J. VESSELS,
GEO. E. WISE,     W. W. MORRIS,
W. W. DORSEY.     JOSEPH GUICE."

When the levies in favor of Sims were made, claimant's son sued out the distress warrant. The contract between Vessels and Dorsey did not cover any definite quantity of land ; from sixty to seventy acres of land were cultivated. Dorsey became Vessels' security on a replevy bond given for the property. He had no agency in suing out the distress warrant; it was done by his son under legal advice. Vessels owed Dorsey for advances an amount more than sufficient to cover his half of the crop, and the latter regarded the entire crop as belonging to him. The lien above set forth was left in possession of Mr. Wise, who wrote it, for some time ; he then handed it to claimant or his son.

The jury found for claimant. The plaintiff moved for a new trial upon the following grounds :

1. Because the court erred in charging the jury as follows : "The fact that a note was given by Vessels reciting that Dorsey was his landlord, for the purpose of negotiating the same to one Wise for supplies, will not estop Dorsey from denying in this suit that the relation of landlord and tenant existed between himself and Vessels, it being admitted that plaintiff had no connection with that transaction."

2. Because the court erred in charging as follows : " The fact that Dorsey sued out a distress warrant against Vessels, or after it was made out treated the same as his suit, would not prevent him from denying in this suit that the relation of landlord and tenant existed between himself and Vessels, it being admitted that plaintiff had no connection with that

suit. The note and distress warrant, together with the explanation made in reference to them, are in evidence before the jury, to be considered by them for whatever they think them worth, as evidence of an admission that the relation of landlord and tenant existed. If the jury believe this evidence showed that the relation of landlord and tenant existed, still the claimant had the right to deny the existence of that relation, and they should consider the entire evidence submitted, and determine whether the relation did in fact exist or not."

3. Because the court erred in refusing to charge as follows: "The jury, in construing the contract between defendant and claimant so as to determine the relation they sustained to each other, will be governed by the following rule: The meaning placed upon the contract by one party, and known to be thus understood by the other party at the time, shall be held to be the meaning." Code, §2756.

4. Because the verdict was contrary to the following charge: "If claimant granted to defendant the right to use and possess a tract of land for a fixed time, or an indefinite time, and the same was accepted by defendant, then the relation of landlord and tenant existed, and in such case claimant cannot recover in this action, but would have to enforce his lien as landlord."

5. Because the verdict was contrary to the law and the evidence.

The motion was overruled, and plaintiff excepted.

SPEER & STEWART; J. T. SPENCE, for plaintiff in error.

W. A. TIGNER, for defendant, cited, on estoppel, Code, §3753; 20 *Ga.*, 600; 23 *Ib.*, 528. No evidence to warrant charge requested. Code, §§2755, 2756; 9 *Ga.*, 440; 37 *Ib.*, 205. Verdict right, 46 *Ga.*, 583.

BLECKLEY, Justice.

The evidence would have well warranted the jury in

finding the relation of landlord and tenant, rather than that of owner and cropper. But we cannot say that it was such as to constrain a finding to that effect. It was stipulated in the contract that Dorsey was to control the entire crop until all provisions furnished by him were paid for. His land produced it, and it did not appear with certainty that possession of the land ever passed out of him. The work on it may have been done under his superintendence and direction. In other words, the labor may have been furnished to make a crop for him on land over which he still exercised complete control, and the pay for the labor may have been due in a given part of the crop when all provisions were paid for, but not till then. This was the theory adopted by the jury; and while, as we have said, there was strong evidence to show a tenancy, the jury could and did find, in effect, that no tenancy existed.

Judgment affirmed.