SENTELL VS. MOORE.

34 687
54 349

1. LANDLORD AND CROPPER : *Title to crop.*
A. contracted to raise a crop on B.'s land, in consideration that B. would furnish tools, team and feed for the team, and give him one-half the crop raised; and out of A.'s half B. was to retain sufficient to pay what A. should owe him for supplies. The contract was never filed in the re-corder's office. Afterwards A. mortgaged the growing crop to C. to secure a debt he owed him. A. raised five bales of cotton. B. sold three of them, and C., with A.'s consent, took the remaining two bales under his mortgage. A.'s indebtedness to B. for supplies, exceeded the value of his half of the cotton. In replevin by B. against C. for the two bales, *held :*
1. That the crop was B.'s, and A. had no interest in it to mortgage.
2. It is only when the laborer is tenant in common with his employer in the crop raised, that the employer is required by the statute to file a copy of the contract in the recorder's office to secure his lien for advances and supplies.

APPEAL from *Lafayette* Circuit Court.
Hon. J. K. YOUNG, Circuit Judge.
*John Cook*, for appellant.
W. & *Moore, contra.*

HARRISON, J. This was an action of replevin by George W. Sentell, against Henry Moore, for two bales of cotton. The defendant pleaded that the cotton was his own, and not the property of the plaintiff.

The cause was submitted to the court, sitting as a jury, upon the following agreed statement of facts :

One Foster, with six other laborers, on the sixteenth day of January, 1877, entered into the following contract, in writing, with the plaintiff:

"We, the undersigned, * * * do hereby con-tract and agree to work a part of the Crowell planta-

tion for G. W. Sentell, of the city of New Orleans, Louisiana, for the year 1877, upon the following terms: We agree to work well and faithfully 5½ days each week; plant, cultivate and gather the crops of corn and cotton; gin and deliver the same on said plantation; we agree to repair fences and levees; perform all labor necessary to the making of good crops, and take good care of, and be responsible for, all stock, or other property, placed in our charge; also, to furnish our own rations and clothing. In consideration of a full and complete performance of our duty and agreement, as herein stated, the said G. W. Sentell agrees to give us one-half of the corn and cotton made by us during the year; also, to furnish the farming implements, plow-teams, and feed for same, at his own expense. It is furthermore agreed, by us, that the said G. W. Sentell shall retain enough of the corn and cotton due for our services to pay him whatever money we now, or may hereafter, owe him for supplies, or other purposes—it being understood that only the balance remaining, after the said G. W. Sentell has been paid whatever we may owe him, is to be delivered to us; cotton to be ginned on the said G. W. Sentell's gin.

"Given under our hands and seals this, the sixteenth day of January, 1877."

No copy of the contract was filed in the recorder's office.

On the fourth day of April, 1877, said Foster was indebted to the plaintiff $117.19 for supplies and other things, and there were, after that date, and before the first of January, 1878, other dealings between them. Foster raised on the plantation five bales of cotton—three of which the plaintiff shipped to market and sold. On the first of January, 1878, Foster, after being credited with $68.50—one-half the proceeds of the three bales—was indebted to the

plaintiff for supplies furnished him during 1877, a balance of $85.83. Foster, on the fourth day of April, 1877, was indebted to the defendant $43.50, for which he gave him his note, payable on the twelfth day of December following; and, to secure its payment, gave him a mortgage on the cotton he was cultivating, with a power of sale, which was duly acknowledged and recorded the same day; and the note not having been paid, the defendant, on the eleventh day of February, 1878, with the consent of Foster, but without the plaintiff's, took, and carried away from the plantation, the remaining two bales, which he still retained. The cotton had not been set apart to either Foster or the defendant, and the value of the two bales was $65.88.

The court declared, as a conclusion of law, from the agreed facts, that the plaintiff was not the sole owner of the cotton raised by Foster; and that, by failing to file a copy of the contract in the recorder's office, he had no lien on the share Foster was to have for his services; and that the defendant was entitled, under his mortgage, to the possession of the two bales in controversy, and found for the defendant. The plaintiff moved to set aside the finding, as not sustained by the agreed statement of facts; and for a new trial. His motion was overruled, and he appealed.

This case is not materially different in principle from that of *Ponder v. Rhea, 32 Ark., 436.* We decided, in that case, that when one let another have land to cultivate and raise a crop, and furnished part of the team, and provender, and supplies, for making the crop, which was to be his property, but, after a certain portion had been reserved for the use of the land, and a certain indebtedness paid, the raiser of the crop was to have what remained of it, the raiser of the crop had no interest in it that he could sell or mortgage.

44

Although not expressly so stipulated, the clear meaning of Foster's and the other laborers' contract with the plaintiff, was, that the crops to be produced with their labor were to be the property of the plaintiff. The language of it is : " *In consideration* of a full and complete performance of our duty and agreement, as herein stated, the said G. W. Sentell agrees *to give* us one-half of the corn and cotton made by us during the year."

Foster was to be paid, as wages for his services, one-half the corn and cotton he raised, but was to receive no part of it until his indebtedness for supplies, whatever it might be, was satisfied, and the remainder, after the indebtedness was paid, only was to be turned over, or delivered to him. *Christian v. Crocker et al., 25 Ark., 327; Appling v. Odom and Mercier, 46 Ga., 583; Leland v. Sprage, 28 Vt., 746; Chase v. McDowell, 24 Ill., 236.*

It is only when the laborer is a tenant in common with his employer in the crop raised by him, that the employer, to secure his lien for advances and supplies, is, by the act of March 6, 1875, to regulate the labor system, required to file a copy of the contract in the recorder's office.

The plaintiff, being the sole owner of the cotton, it could have answered him no purpose to file a copy ; and a failure to do so, could not affect his title. The defendant, before taking the mortgage, should have ascertained, by proper inquiry, the extent of Foster's interest. No presumption could arise from the fact, that he was working on the plaintiff's plantation, that he was an owner in common with him of the crop.

The court below erred in its declaration of law, and in finding for the defendant. The judgment is, therefore, reversed, and the cause remanded to it for further proceedings.