WADLEY, surviving partner, vs. WILLIAMS.

1. The evidence being conflicting, there being parol testimony on the one side and parol testimony and books on the other, and the jury having decided in favor of the former, and the presiding judge being satisfied, this court will not interfere, on the ground that the verdict is contrary to law, evidence or the charge of the court.

2. A landlord has no right to pick cotton on the rented land without the assent of the tenant, even though such cotton was wasting and likely to be destroyed unless promptly gathered, it appearing that the landlord furnished the tenant with supplies and rented him a farm for sixteen hundred pounds of lint cotton.

(a.) If the owners of land employ one to work on the same, and agree to give him a part of the crop for making it, then the title would be in the land-owners, and they could take it and give him off his part; but when the land-owners turn over the same to one who is to farm thereon, and from the crop he is to pay them sixteen hundred pounds of lint cotton, this creates the relation of landlord and tenant; the title to the cotton is in the tenant, and the land-lords have only a lien thereon, and cannot take the same without the consent of the tenant.

January 12, 1886.

New Trial. Verdict. Landlord and Tenant. Before Judge RONEY. Burke Superior Court. November Adjourned Term, 1884.

Reported in the decision.

HOOK & MONTGOMERY, for plaintiff in error.

PHIL. P. JOHNSTON, for defendant.

JACKSON, Chief Justice.

This action was brought by Williams against Wadley & Brother for the value of a crop of cotton grown by the former on land belonging to the latter.

The jury found for Williams two hundred and sixty-nine dollars and thirty cents. Wadley & Brother made a motion for a new trial, and on its denial they bring the case before this court for review.

1. It appears that Williams got supplies from Wadley, & Brother, who kept a store, and that the defendants pleaded that, after deducting from the account for these supplies and the sixteen hundred pounds of lint cotton due them out of the crop for the use of the land, the entire cotton crop raised by Williams, there was due them $63.00, instead of their owing Williams anything; and the first six grounds of the motion are to the effect that the verdict is contrary to evidence, to the weight of evidence, without evidence to support it, to the principles of equity and justice, to law and to the charge of the court.

The evidence is conflicting; the presiding judge is satisfied with the verdict; if the jury believe Williams and his grandson, there is evidence to support the verdict; if so, it is not contrary to law, or to the principles of equity and justice, or to the charge of the court. The testimony on the one side is that of the two Williams; on the other, of a clerk who kept books in bulk, that is charges for rations, for merchandise, etc., without itemizing the account, the books put in evidence, and one of the defendants and two persons to correctness of their accounts on the books. The other side denied the correctness of the books; the grandson kept an account in a book which summed up differently, and they both, grandfather and grandson, swore to the incorrectness of the books of the Wadleys, specifying particulars thereof, and denying charges of accounts of others to Williams. So there is direct conflict, and the jury believed the two negroes against the white folks with books thrown in. The ground that the verdict is against the charge is, that the court charged that ordinarily written evidence was better than oral, and that the verdict was against the books which were in writing; but the jury believed the two negroes over the books, and the court did not and could not charge them that they could not do that. We do not see that the verdict is against this charge, nor did the author of this charge, the presiding

judge, so think, for he overruled the motion on the first six grounds, this included.

2. There is but one legal question in the case, and that arises from an assignment of error on the charge, which is as follows : " Because the court erred in charging that defendants had no right, as landlords, to pick plaintiff's cotton without his assent, even though such cotton was wasting and likely to be destroyed unless promptly gathered,—the evidence showing that the defendants were plaintiff's landlords, had furnished him supplies and rented him his farm for 1,600 pounds of lint cotton." We do not see error in the charge. If the relation of landlords and tenant existed between them, it is clearly right. Did that relation exist? The recital of the reason which plaintiff in error gives for the illegality of the charge admits it. It says this, " the evidence showing that the defendants were plaintiff's landlords; had furnished him supplies, and had rented him his farm for 1,600 pounds of lint cotton." Thus they admit that the evidence shows them to be landlords, and that they rented him his farm. Well, if they are his landlords and rented him his farm, what can he be but their tenant, and what relation between them exists but that of landlord and tenant ? If that relation existed, they had no right to go on his farm and gather his cotton. They had no title, but only a lien. 57 *Ga.*, 404, and 46 *Ga.*, 583, is to the same effect. See latter part of the opinion, page 585.

Not only do they admit the relation of landlords and tenant in this motion for a new trial, but in their plea, which declares, " And said defendants, for further plea, answer, that, so far as the rental upon the contract for rent, the said plaintiff did covenant and agree to pay sixteen hundred pounds of cotton," etc. What is this but a contract and covenant to pay rent? It is an admission *in judicio* in a sworn plea that the relation exists, and the plaintiffs in error are estopped from denying it.

But outside of these admissions, the evidence makes it a

contract for rent, and not a bargain to crop. The landlords are to be paid out of the crop 1,600 pounds of lint cotton. The balance of it is not theirs. They have no title to it, but only a lien on it. If Williams was to have only a part of the crop for making it, then the title would be in the Wadleys to the crop, and they could take it and give him off his part; but here the tables are turned; Williams has title to the crop, and is to give them off 1,600 pounds of it. There can, therefore, be no doubt about the relation of landlords and tenant existing, from the evidence and from the admissions in the pleadings.

Therefore the judge was authorized to use the word landlord in his charge. There was no conflict about the relation existing; it was admitted in the pleadings, and there was no expression or intimation of an opinion, on evidence, which the jury had to settle conflict about.

See 46 *Ga. supra;* Taylor's Landlord and Tenant, §§174, 178; Code, §§2281, 2285, 2286, 2287, 2289.

So there was no error in overruling the motion for a new trial.

Judgment affirmed.