J. H. & N. M. Almand *vs.* Scott & Company.

---

J. H. & N. M. Almand *vs.* Scott & Company.

| 80 | 95 |
|----|-----|
| 86 | 218 |
| 80 | 95 |
| 96 | 185 |
| 96 | 265 |
| 80 | 95 |
| 101 | 517 |
| 80 | 95 |
| 119 | 884 |

Where an owner of land furnishes it with supplies and other like necessaries, keeping general supervision over the farm, and agrees to pay a certain portion of the crop to the laborer for his work, the laborer is a cropper, and judgments or liens cannot sell his part of the crop until the landlord is fully paid; but where there is a renting, and the relation of landlord and tenant exists, an older judgment will subject the renter's crop, although the landlord may have a parol contract with the tenant by which it is stipulated that the crop is to be the landlord's until the debt for supplies is paid. The landlord's means of protection in such a case is through his lien.

*January 20, 1888.*

Landlord and tenant. Liens. Judgments. Contracts. Before Judge BOYNTON. Rockdale superior court. February adjourned term, 1887.

Reported in the decision.

A. C. McCALLA, for plaintiffs in error.

J. N. GLENN and J. R. IRWIN, *contra.*

SIMMONS, Justice.

It appears from the record, that in the year 1885, N. M. Almand rented to J. E. Plunkett a certain tract of land; that Plunkett was to pay for the rent thereof a third of the cotton and a fourth of the corn raised on the land, and that the entire crop was to be the property of J. H. & N. M. Almand until the debt created for supplies furnished to Plunkett to make the crop on the land rented, was entirely paid off. A certain bale of cotton raised on the land by Plunkett was carried by him to the warehouse. Before it was weighed, it was seized by a constable by virtue of a *fi. fa.* in favor of George W. Scott & Co. *vs.* J. E. Plunkett, as the property of Plunkett. Scott's judgment against Plunkett was obtained on the 20th of December, 1884, and the renting of the land by Plunkett was in 1885, and the levy on the cotton was made on the 6th of November, 1885. Almand filed a claim to the cotton. At the trial of the claim case in the superior court, Plunkett testified, in favor of the claimant, that he had made a verbal contract with the claimant, by which he was to cultivate the land of the claimant and pay him the third of the cotton and the fourth of the corn crop raised on the land, and that the entire crop raised was to be and remain the property of the claimant for supplies to be furnished by him to make the crop. The claimants furnished the supplies, and the witness, as their tenant, delivered the bale of cotton levied on, to go on the debt for supplies; it did not fully pay off the debt; the cotton was raised on the rented land. The claimant testified in his own behalf, and stated that he rented the land to Plunkett, and that Plunkett was to pay a third and a fourth of the crop raised on the land as rent, and the entire crop raised was to be the property of the claimant until the supply debt furnished to Plunkett to make the crop on the land rented was entirely paid off. The jury, under the charge of the court, found the property subject. A motion for a new trial was made, and was overruled by the court, and the claimant excepted.

The third ground of the motion was the principal one insisted upon before us for reversal of the case. It was, that the court erred in charging the jury: "If you find that J. E. Plunkett raised the cotton in controversy, and had it in his possession after the rendition of the judgment from which the *fi. fa.* issued, and you find that he was the tenant of claimants during the year in which the cotton was raised on the land on which it was raised, as tenant under a contract of rent, by which he agreed to pay an agreed part of the crop for rent, then you would be authorized to find the property subject; and if you should find that it was agreed, at the time of the renting, that all the crop should remain on the land as claimant's property, this would not authorize you to find the property not subject."

It was insisted by the counsel for the plaintiffs in error that this property was not subject to the *fi. fa.* of Scott, because, at the time of the renting of the land by Almand to Plunkett, a verbal contract was made whereby Plunkett agreed that the whole crop should be Almand's, until the debt which he owed Almand for supplies to make the crop had been fully paid off and discharged, although Scott's judgment was older than the contract made between Almand and Plunkett. We do not agree with him in this contention. The evidence clearly shows that the relation of landlord and tenant existed between Almand and Plunkett. They both swore that Plunkett rented the land from Almand for a specified rent. The land, therefore, was in possession of Plunkett, the tenant, and not in Almand, the owner. The work was not done under Almand's superintendence and direction. Almand had no control over the land, and the crop made on the land was not to go in payment to Plunkett for his labor in making the crop. It was a contract for rent and not a bargain to crop. He was, therefore, not a cropper, as defined in *Appling vs. Odom*, 46 *Ga.* 583, and in *Sims vs. Dorsey*, 61 *Ga.* 488, but was a tenant. The rule seems to be that where the landlord furnishes the land and supplies,

and other things of that sort, and keeps general supervision over the farm, and agrees to pay a certain portion of the crop to the laborer for his work, the laborer is then a cropper, and judgments or liens cannot sell his part of the crop until the landlord is fully paid; but where there is a renting, and the relation of landlord and tenant exists, an older judgment will subject the renter's crop, although the landlord may have a contract with the tenant, in which it is stipulated that the crop is to be the landlord's until the debt for supplies is paid off. If the landlord wishes to protect himself, the law gives him a lien for supplies in preference to the older judgments and liens, and he must take this lien and foreclose it in order to protect himself. A verbal contract with his tenant that the crop shall belong to him until his debt for supplies is paid, will not protect him against older liens or judgments. *Wadley vs. Williams*, 75 *Ga.* 272; Taylor's Landlord and Tenant, §474. We therefore think there was no error, under the facts disclosed by this record, in the charge of the court complained of, and that the verdict is amply sustained by the evidence.

Judgment affirmed.