## McELMURRAY *v.* TURNER.

86   215
93   559
86   215
98   677

86   215
119   884,

86   215
120   317

86   215
e124   20

86   215
125   230

1. On trial in the superior court of a case appealed from the county court, it was not error to refuse to allow the defendant to show by the plaintiff, after she testified that her brother was wagoner for defendant and had hauled all of plaintiff's cotton, that she had introduced this brother as a witness in the county court and that he there in her presence testified to a certain number of bales of cotton as all of her crop, it not appearing that he was dead or inaccessible at the subsequent trial. Her acquiescence or silence at the giving of his testimony in the county court did not amount to an admission of its truth in open court, the circumstances not requiring an answer or denial, and it appearing that she did not herself know how many bales of cotton he hauled.

2. Where under the contract between landlord and cropper, the landlord furnished the land, stock, etc., and the cropper the labor, for making the crop of a year, which crop was to be controlled by the landlord until after the rent and advances were paid and then to be equally divided between them, the cropper was entitled, after the payment of the rent and advances, to foreclose her special laborer's lien for the balance due her.

3. Part of the labor furnished by her being that of her two minor children (she being a widow), she was entitled to the lien for that part as well as for the labor she did in person. And that in carrying out her contract she was compelled to employ extra labor for a few days, would not prevent the enforcement of her lien, it appearing that the landlord advanced her the money to pay for this extra labor, and the presumption being that he was credited with this money in the verdict.

November 21, 1890.

Contracts. Croppers. Liens. Evidence. Admissions. Parent and child. Before Judge RONEY. Burke superior court. June term, 1890.

Reported in the decision.

P. P. JOHNSTON, for plaintiff in error.

LOVETT & DAVIS and LAWSON & CALLAWAY, *contra.*

SIMMONS, Justice.

It appears from the evidence in this case that McElmurray and Rena Turner, in the year 1889, made a contract whereby McElmurray was to furnish land, stock, etc. to Rena Turner, and she was to furnish labor and make a crop on the land, and the crop was to be equally divided between them. The crop was made, and in October or November of that year, McElmurray discharged Rena Turner; whereupon she sued out a laborer's lien against him, claiming a special lien upon the crop raised by her as a laborer. McElmurray filed a counter-affidavit against the foreclosure of the lien, upon several grounds, and the case was returned to the court to be tried. On the trial thereof in the superior court (the case having been appealed from the county court), the jury returned a verdict in favor of the plaintiff; and the defendant made a motion for a new trial, which was overruled, and he excepted.

1. The 4th and 5th grounds of the motion are, in substance, that the court erred in refusing to allow counsel for the defendant to prove by the plaintiff, after she had testified that her brother Henry Turner was wagoner for McElmurray and had hauled all her cotton to the railroad station, that upon the trial of the case in the county court she had introduced her said brother as a witness in her behalf, and that he there testified that the amount of cotton made in her crop was only ten bales, except some scattered cotton, she having been present at the giving of this testimony and assenting thereto. We think the court was right in refusing to allow the testimony: (1) Because it does not appear that Henry Turner, the witness who testified in the county court, was dead or inaccessible; and if he was living and accessible, he ought to have been produced and sworn as a witness and compelled to give his own testimony. It was argued, however, that as

the plaintiff had introduced Henry Turner as a witness in her behalf on the trial in the county court, and heard him testify and assented to his testimony, this was in the nature of an admission in open court. (2) We do not think this was such an admission on the part of the plaintiff as would have authorized the reception of the testimony. Our code, §3790, declares that acquiescence or silence, when the circumstances require an answer or denial, or other conduct, may amount to an admission. But where a plaintiff or defendant introduces a witness in court, we do not think that the acquiescence or silence of the party during the progress of the trial would amount to an admission, the circumstances at that time not requiring an answer or denial. (3) As appears from the record, Rena Turner did not know of her own knowledge how many bales of cotton her brother had hauled to the railroad station. If she had known, it would not have been necessary to put her brother upon the stand to prove it. And as she did not know it of her own knowledge, she could not be held bound on another trial by the testimony of a witness introduced on the former trial. Nor would she have been bound absolutely by his testimony on the trial at which she introduced him, as she would have been allowed to prove by other witnesses a different state of facts from that testified to by this witness. *Cronan* v. *Roberts*, 65 *Ga.* 678.

2. The 6th ground complains that the verdict is contrary to law in this : "It appears from the undisputed evidence in the case, the testimony of both plaintiff and defendant, that the suit grows out of a contract under which plaintiff made a crop for the defendant on shares, defendant furnishing the land and stock and plaintiff the labor, and sharing equally in the proceeds of the farm ; and that said crop was made by the labor of the plaintiff and her children, two of which children

were regular hands in the crop, and by such additional outside labor as was from time to time necessary. Under this state of facts, the share or interest of the plaintiff in said crop could not be recovered by the foreclosure of a laborer's lien, as under the law such lien or remedy can only be invoked to recover for labor done in person by the party making the affidavit to foreclose; it not appearing from the testimony what part of the labor in making the crop was done by the plaintiff in person, or what was the value of such labor." Two points were made by counsel for the plaintiff in error upon this ground: (1) That the evidence having shown that the plaintiff and defendant had made a contract agreeing to run a farm together, she had no right to sue out a laborer's lien; and (2) that if she had such a right, she could only sue out the lien for the labor which she actually performed herself, and that she was not entitled to a lien for the labor of her minor children, or for that of extra hands whom she had employed for a few days during the year.

We do not concur with learned counsel in either of these propositions. The evidence shows that the plaintiff was not a renter, but was what is known as a " cropper." The relation of landlord and tenant did not exist between her and McElmurray. He was to furnish the land, mules, etc., and she was to furnish the labor. and the crop was to be equally divided; and the evidence further shows that he was to control the crop until after the rent and advances had been paid.

Under the evidence, this was simply a mode of paying her wages for the labor of herself and children. She had as against him no title to any part of the crop which she raised, until the rent and advances should be paid. *Appling* v. *Odom*, 46 *Ga.* 583; *Almand* v. *Scott*, 80 *Ga.* 95. Her part of the crop which she had raised being in the nature of wages, she was entitled to foreclose

a special lien thereon after she had paid *her rent and paid for the advances made to her by the landlord, which she alleges she did, and which the jury found to be true.

3. It appears that she had six minor children, two of whom only were able to work. It appears also that she was a widow and entitled to the possession of the minor children. Being entitled under the law to the possession of the children, she was entitled to their labor and earnings. If she had hired those minor children to the landlord, she could have recovered in an action against him for their hire. This being true, what rule is there in law and what reason is there in common sense which would prevent her from suing out a laborer's lien in her own name for the labor of her minor children as well as her own labor ? If she had control of the children and they worked on her farm and under her direction, there being no contract made with the landlord as to their labor, they could not have foreclosed a lien therefor; yet under the construction contended for by counsel for the plaintiff in error, the landlord could have refused absolutely to pay for the labor of these children, and they would have had no summary remedy against the crop which they had helped to produce. We think, therefore, that the court did right in holding that the mother could foreclose her special lien. on the crops raised by her, not only for her own labor but for that of her minor children.

The case of *Cochran* v. *Swann*, 53 *Ga.* 39, relied on by counsel for the plaintiff in error, was different in its facts from this case. In that case the person who sought to foreclose his lien was a contractor as well as a laborer. The record disclosed that the labor was probably done in large part by hands hired for the purpose; and this court, in ruling upon these facts, held that the contractor was not entitled to foreclose his lien for work and labor

performed by other persons whom he had hired. We think, where a parent makes a contract like the one disclosed in this record, and performs that contract with his own labor and that of his minor children, that he or she, under the code, has a lien and is entitled to foreclose it as was done in this case. And we do not think the fact that the plaintiff, in carrying out her contract, was compelled to employ for a few days extra labor, would prevent her from enforcing her lien against the other party to the contract, it appearing from the evidence that the defendant had advanced her the money to pay for this extra labor, and presumably the jury gave him credit therefor in the verdict.

*Judgment affirmed.*