BIRD WARD v. THE STATE.

1. CRIMINAL LAW. *Enticing away "laborer." Cropper. Act* 1890.

> One hired to work land for a part of the crop, is a "laborer," within the
> meaning of chapter 56 (Laws 1890, p. 69), making it unlawful "to entice
> away, knowingly employ or induce a laborer" to leave his employer be-
> fore his contract has expired, without the employer's consent.

2. SAME. *Indictment. Evidence. Consent of employer.*

> The absence of such consent by the employer is a necessary ingredient of
> the offense, and must be averred in the indictment and proved. *Craft's
> Case.* Walker, 409; *Kline's Case*, 44 Miss., 317; *Thompson* v. *State*, 54 *Ib.*,
> 740.

FROM the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

Bird Ward has been convicted under chapter 56, laws
1890, of knowingly enticing away a laborer under contract
to work for another. The evidence showed that the laborer
was what is usually known as a "cropper"—that is, he
worked land of another under a contract that he was to re-
ceive a certain share of the crop raised. The case is further
stated in the opinion.

*J. L. Finley*, for appellant.

A cropper is not a tenant or an employed laborer, within
the meaning of the act of 1890.

There is no evidence that the landlord did not consent. The verdict is not warranted by the evidence.

*T. M. Miller*, attorney-general, for the state.

COOPER, J., delivered the opinion of the court.

A cropper is one who is hired to work land, receiving for his compensation a part of the crop. He is not a tenant; he has no estate in the land, but receives his share of the fruit as the price of his labor. 4 Am. & Eng. Enc. L., 887.

Such person is a laborer within the meaning of chapter 56 of the laws of 1890, by which it is made unlawful "to entice away, knowingly employ or induce a laborer or renter who has contracted with another for a specified time, to leave his employer or the leased premises, before the expiration of his or her contract, without the consent of the employer."

But the evidence is insufficient to support the conviction. It is essential that the prohibited act shall have been "without the consent of the employer;" the absence of such consent is a necessary ingredient of the offense, and must be charged in the indictment and proved as laid. *Craft's Case*, Walker, 409; *Kline's Case*, 44 Miss., 317; *Thompson* v. *The State*, 54 *Ib.*, 740.

Though the employer of the laborer charged to have been enticed away by the defendant was examined as a witness, no proof was made that he did not consent to the act of the defendant.

*Judgment reversed.*