DeLoach *et al. v.* Delk.

Turner, J. 1. Where, under the terms of a contract between an owner of land and another who agrees to cultivate it on shares, the relation of landlord and cropper is created, the title to all crops grown on the land remains in the landlord until there has been an actual division and settlement whereby he receives in full his share of the produce. Civil Code, § 3131 ; *Wadley* v. *Williams,* 75 *Ga.* 272; *Almand* v. *Scott,* 80 *Ga.* 95. That the cropper furnishes the labor necessary to the making of the crops, and is to receive a portion thereof as compensation for his services, does not place him in the situation of a partner having an undivided interest in the product of his labor. *Padgett* v. *Ford,* 117 *Ga.* 510, and cit. So, if the owner of the land wrongfully refuses to comply with his obligations in the premises, the remedy of the cropper is to assert a laborer's lien on the crops grown by him (*McElmurray* v. *Turner,* 86 *Ga.* 215); for he can not maintain against the landlord an action of trover, the title to the crops being in the latter. *Bryant* v. *Pugh,* 86 *Ga.* 525, 529.

2. In no view of the evidence in the present case was the plaintiff entitled to prevail in the action of bail-trover brought against the defendants ; and this being so, the court below erred in not setting aside, on certiorari, the verdict returned against them in the city court wherein the suit was instituted.

*Judgment reversed. · All the Justices concur.*

Submitted March 15, — Decided March 30, 1904.

Certiorari. Before Judge Evans. Tattnall superior court. May 4, 1903.

*W. T. Burkhalter,* for plaintiffs in error.
*E. C. Collins* and *L. L. Thomas,* contra. ·