## VINSON v. THE STATE.

1. A "cropper" who is himself to perform services and labor in making the crop is within the provisions of the act of 1903, "to make it illegal for any person to procure money, or other thing of value, on a contract to perform services with intent to defraud."

2. A minor who has arrived at the age of criminal responsibility may be convicted, under the act of 1903, of the fraudulent practices made penal by that act, although a contract of service made by him may not be civilly enforceable.

3. A ground of a motion for a new trial, alleging error in the admission of the testimony of a named witness "as to the damage sustained by him on account of the breach of contract," and also "as to the intent" of the accused, without setting out the evidence objected to, can not be considered.

4. None of the other grounds urged require a reversal.

Submitted October 16,—Decided November 8, 1905.

Accusation of cheating and swindling. Before Judge Overstreet. City court of Sylvania. July 12, 1905.

An accusation was brought in the city court of Sylvania against Henry Vinson, charging him with procuring money and other articles of value on a contract to perform services, with intent to defraud the hirer, under the act of 1903 (Acts 1903, p. 90). He filed a demurrer to the accusation, and, upon its being overruled, filed a bill of exceptions pendente lite. He was convicted, moved for a new trial, and upon the overruling of the motion excepted.

*H. S. White*, for plaintiff in error.

*H. A. Boykin, solicitor*, contra.

LUMPKIN, J. (After stating the facts.) 1. One ground of the demurrer was that the defendant was not a laborer, but "a share cropper," during the year 1905, and therefore did not fall within the act of 1903. The Civil Code, §3131, declares: "Where one is employed to work for part of the crop, the relation of landlord and tenant does not arise. The title to the crop, subject to the interest of the cropper therein, and the possession of the land remain in the owner." A cropper does not occupy the position of a partner. *Padgett* v. *Ford*, 117 *Ga.* 508; *DeLoach* v. *Delk*, 119 *Ga.* 884. If the agreement is, not that he shall perform services himself, but shall procure and furnish labor, he is not a servant, but a contractor. *Barron* v. *Collins*, 49 *Ga.* 580; *Duncan* v. *Anderson*, 56 *Ga.* 398. If he is to work himself, he is a laborer. It has been held that the part of the crop to which the cropper is entitled is in the nature of wages; and that if the owner of the land wrongfully refuses to comply with his obligation, the cropper may assert a laborer's lien on the crop grown by him. *McElmurray* v. *Turner*, 86 *Ga.* 215; *DeLoach* v. *Delk*, 119 *Ga.* 884, supra. It was held in *Hoyt* v. *Glenn*, 54 *Ga.* 571, that "The affidavit for the enforcement of a laborer's lien under the act of 1869 must allege that the work was done by the plaintiff claiming such lien." See also *Mabry* v. *Judkins*, 66 *Ga.* 732; *Hinton* v. *Goode*, 73 *Ga.* 233(2); *Cochran* v. *Swann*, 53 *Ga.* 39. In *McElmurray* v. *Turner*, supra, however, it was held: "Part of the labor furnished by her [the cropper] being that of her two minor children (she being a widow), she was entitled to the lien for that part as well as for the labor she did in person." Whatever may be the case as to minor children, it is quite clear that under these decisions a cropper who is himself to perform services and labor, relatively to the provisions of the act

of 1903, occupies the position of one who contracts to perform services and who is to be compensated by receiving a share of the crop raised. The act of 1903 declares that "If any person shall contract with another to perform for him services of any kind, with intent to procure money or other thing of value thereby, and not to perform the service contracted for, to the loss and damage of the hirer; or, after having so contracted, shall procure from the hirer money, or other thing of value, with intent not to perform such service," etc. The accusation charges that the accused, "after having contracted with the said H. D. Lee, to perform for said H. D. Lee services as a share cropper during the year 1905, did, with force and arms, and after he had made said contract, and with intent not to perform said services, and with intent to defraud the said H. D. Lee," etc. We think this alleges that the accused was a cropper who was himself to perform services, and that he therefore fell within the terms of the act of 1903. Ward *v.* State, 70 Miss. 245; McCutchin *v.* Taylor, 11 Lea, (Tenn.), 259.

2. It was made a ground of the motion for a new trial that the accused should not have been convicted, because he was a minor, and could not lawfully contract, and that any contract made by him to perform services was voidable. If the act of 1903 declared it to be a criminal offense to violate a contract, not only would the position above stated be sound, but the act would be unconstitutional. The offense created by that act is not merely a breach of contract, but the fraudulent procurement of money or other thing of value on a contract to perform services. The gist of the offense is such fraudulent procurement. The contract of a minor is voidable; but unless he is under the age at which he is declared by statute to be capable of committing a crime, he is subject to prosecution and conviction. A minor who has arrived at the age of criminal responsibility is as capable of committing a fraud as one of full age. If a voidable contract was used as a means of perpetrating a fraud and committing a criminal offense, the person making the contract would be none the less criminally responsible. The right to enforce a contract civilly, and the power to punish a minor who violates a criminal law, are two distinct things. The act makes no exception as to minors. In People *v.* Kendall, 25 Wend. 399 (37 Am. Dec. 240), it was held that an infant may be convicted of ob-

taining goods by false pretenses, where he purchases such goods on a credit by falsely representing himself to be a joint owner with his father of certain property. In the opinion it is said: "The legal effect of any contract that may have been formally entered into in the course of committing the offense: in other words, the question in respect to any civil remedy the party defrauded might have against the prisoner, is not at all material in defining the crime. They are wholly distinct and disconnected, and depend upon the application of a different set of principles. Suppose a minor, in entering into a contract not binding upon him on account of his privilege, should commit a forgery, or pass counterfeit money; can there be a doubt but that he would be punishable for the offense, though the contract itself, of which the act is perhaps but in part execution, was void or voidable?" It appeared that the defendant was about eighteen years of age when the offense was committed. He was therefore of an age when he was responsible for a crime. Penal Code, §§33, 34.

3. It is alleged in one ground of the motion for a new trial that the court erred "in admitting the testimony of Henry D. Lee, the prosecutor, as to the damage sustained by him on account of the breach of contract alleged to have been made by Henry Vinson with him, also his testimony as to the intent Henry Vinson had in abandoning his contract, for the reason," etc. This did not set out what was the testimony objected to, the admission of which was claimed to be error. It can not, therefore, be considered.

4. None of the other grounds urged require a reversal.

*Judgment affirmed. All the Justices concur.*