### 2057. HARLEY v. DAVIS.

HILL, C. J. The evidence in this case leaves it doubtful whether the relation between the plaintiff and the defendant was that of landlord and tenant, or landlord and cropper. If the former, the title to the crops made by the tenant on the place rented was in the tenant, subject to the landlord's lien for rent and supplies. *Wadley* v. *Williams*, 75 *Ga.* 272. Where the relation of landlord and cropper exists, the title to all the crops grown on the rented land remains in the landlord until there has been an actual division and settlement. *DeLoach* v. *Delk*, 119 *Ga.*

884 (47 S. E. 204). If the relation of landlord and tenant existed, the landlord could not bring against the tenant bail-trover for the rent, as the title to the crops was in the tenant. If the relation of landlord and cropper existed, and there was not an actual division and settlement between the landlord and cropper according to the terms of the contract, the landlord could bring against the cropper an action of trover to recover the share of the crop belonging to himself and of which the cropper was in possession. A charge which in effect instructed the jury that a division of the crops would prevent the landlord from recovering in an action of trover, although there had been no actual settlement between the landlord and cropper, was erroneous. There must be both division and settlement to prevent such action. Civil Code, §§ 3129, 3130, 3131; *DeLoach* v. *Delk*, supra. 　　　*Judgment reversed.*

Trover; from city court of Reidsville—Judge Morgan. June 21, 1909.

Submitted November 18, 1909.—Decided February 10, 1910.

*W. T. Burkhalter,* for plaintiff.