## 6960.  PARKS v. LANGLEY.

WADE, J.  1.  The statute itself fixes the test by which it must be determined whether the relation of landlord and tenant or landlord and cropper exists under the terms of a contract between an owner of land and one who cultivates it under a contract with the owner. "Where one is employed to work for part of the crop, the relation of landlord and tenant does not arise. The title to the crop, subject to the interest of the cropper therein, and the possession of the land remain in the owner." Civil Code, § 3707. The title remains in the landlord until actual settlement. *DeLoach* v. *Delk*, 119 *Ga.* 884 (47 S. E. 204); *Bowles* v. *Bowles*, 101 *Ga.* 837, 840 (29 S. E. 35).

2.  "That the cropper furnishes the labor necessary to the making of the crop, and is to receive a portion thereof as compensation for his services, does not place him in the situation of a partner having an undivided interest in the product of his labor. *Padgett* v. *Ford*, 117 *Ga.* 510 (43 S. E. 1002), and cit." *DeLoach* v. *Delk*, supra.

(a) There was no testimony in this case to contradict the evidence of the landlord that he "furnished the land and the stock to work it, and [the defendant] was to work and make the crops and gather the same, and [they] were to go halves in the crops made;" and while the evidence discloses that the landlord did not oversee the farm and give the cropper directions, but permitted him to use his own judgment as to the crops planted and the method of cultivation, it appears that he actually visited the crops and advised with the cropper in regard thereto, and there is nothing to indicate that the landlord surrendered his legal control over the land, and that the land was in the possession of the defendant and not of the owner.

(b) While in *Almand* v. *Scott*, 80 *Ga.* 95, 97 (4 S. E. 892, 12 Am. St. R. 241), it is recited that the work was not done under the superintendence and direction of the owner, and that he had no control over the land, it appears that both parties to the contract swore that the land was rented for a specified rent, and that "the crop made on the land was not to go in payment to [the tenant] for his labor in making the crop. It was a contract for rent and not a bargain to crop."

3.  Under the facts disclosed in the record, the trial court erred in awarding a nonsuit.                    *Judgment reversed.  Russell, C. J., absent.*

DECIDED APRIL 17, 1916.

Trover; from city court of Tifton—Judge R. Eve. September 8, 1915.

Parks brought trover against Langley for certain corn, pork, cottonseed, hay, and fodder, raised by the defendant on the plaintiff's land. The defendant contended that the title to the property sued for was not in the plaintiff, but in himself; that, under the contract between them, he was a tenant, and not a cropper. The plaintiff was nonsuited, and excepted to that judgment. As to the contract and the relation between himself and the defendant,

the plaintiff (the only witness introduced at the trial) testified: "I rented a six-horse farm on my plantation in this county last year to D. J. Langley [the defendant], to make a crop on halves; that is, I furnished the land and the stock to work it, and he was to work and make the crops and gather the same, and we were to go halves in the crops made. I also furnished him with six sows, and he was to raise hogs on halves also. . . I was to furnish Mr. Langley and did furnish him with guano, money, and supplies, to the amount of $1,712.80, and he paid me down to $198.13, and that is the amount that he owes me now. . . I sold Mr. Langley some mules with the understanding had that if he could not pay for them I would take them back. I took a mortgage on the mules, and had to take them back, as he could not pay for them. I did not give the farm but little attention last year. My reason for not doing so was because I knew that Langley was a good farmer. . . I did not pretend to oversee the farm and give him direction. I did not retain control and supervision of the farm, but Langley used his own judgment as to the amount of cotton, corn, and other crops planted, and his method of cultivation. . . I would go out and look at the crops occasionally and advise with Mr. Langley about them. . . Langley never paid me anything for the rent of my farm last year, only gave me a part of my half of the crops made, and lacked the $198.13 of paying me for what I advanced to him during the year."

*J. J. Forehand,* for plaintiff, cited: Civil Code (1910), §§ 3705, 3707, 5573, 4265-7, and the cases cited in the decision.

*R. D. Smith,* for defendant, cited: *Harley* v. *Davis,* 7 *Ga. App.* 386; *Almand* v. *Scott,* 80 *Ga.* 95; *Hancock* v. *Boggus,* 111 *Ga.* 884; *McElmurray* v. *Turner,* 86 *Ga.* 215.