### 13942. SMART *v.* HILL.

BROYLES, C. J.  1.  " Where,. under the terms of a contract between an owner of land and another who agrees to cultivate it on shares, the relation of landlord and cropper is created, the title to all crops grown on the land remains in the landlord until there has been *an actual division* [italics ours] and settlement whereby he receives in full his share of the. produce.  Civil Code [of 1895], § 3131 [Civil Code of 1910, §§ 3705, 3707]; *Wadley* v. *Williams,* 75 *Ga.* 272; *Almand* v. *Scott,* 80 *Ga.* 95 [4 S. E. 892, 12 Am. St. R. 241].  That the cropper furnishes the labor necessary to the making of the crop, and is to receive a portion thereof as compensation for his services, does not place him in the situation of a partner having an undivided interest in the product of his labor.  *Padgett* v. *Ford,* 117 *Ga.* 510 [43 S. E. 1002], and cit.  So, if the owner of the land wrongfully refuses to comply with his obligations in the premises, *the remedy of the cropper is to assert a laborer's lien on the crops grown by him* [italics ours] (*Mc-Elmurray* v. *Turner,* 86 *Ga.* 215 [12 S. E. 359]; for he cannot maintain against the landlord an action of trover, the title to the crops being in the latter.  *Bryant* v. *Pugh,* 86 *Ga.* 525, 529 [12 S. E. 927]."  *DeLoach* v. *Delk,* 119 *Ga.* 884 (47 S. E. 204). ,

2. Applying the above ruling to the facts of the instant trover action (which facts showed conclusively that the relation between the plaintiff and the defendant was that of landlord and cropper and that there had never been " an actual division " of the crops in question), the court did not err in awarding a nonsuit.

*Judgment affirmed.    Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 13, 1922.  REHEARING DENIED FEBRUARY 20, 1923.

Trover; from city court of Washington — Judge Sutton. September 5, 1922.

*Colley & Colley,* for plaintiff.    *W. A. Slaton,* for defendant.