### 13534.  HILLEY *v.* LUNSFORD.

JENKINS, P. J. At the trial in a justice's court of an issue raised by an affidavit of illegality upon the foreclosure of a laborer's lien, the defendant moved to dismiss the proceeding, upon the ground that under the evidence the plaintiff's only remedy was a mechanic's lien. The plaintiff excepts to the order of the superior court sustaining a certiorari from a judgment in his favor. *Held:* A mechanic who himself actually performs manual labor upon property of his employer is not limited to a mechanic's lien under section 3354 of the Civil Code (1910), but may at his option assert a laborer's lien under section 3334 or 3335. *Adams* v. *Goodrich,* 55 *Ga.* 234. While a mechanic's lien may include not only "work done" but "material furnished," and may also cover labor performed by an employee (*Fox* v. *Smith,* 143 *Ga.* 547, 85 S. E. 856), it is not contemplated by the statutes creating a laborer's lien that such a claimant can assert the lien either for material furnished, or for work done by an employee or a partner. *Cochran* v. *Swan,* 53 *Ga.* 39 (1, 2); *McElmurray* v. *Turner,* 86 *Ga.* 215, 220 (12 S. E. 359). The undisputed evidence showing that $7.51 of the $17.51, constituting the amount of the laborer's lien claimed, was for material furnished in repairing the automobile in question, and that this amount was not written from the judgment for the plaintiff, and further showing that part of the actual manual labor performed on the car was done by the brother of the plaintiff, without disclosing the relative proportions of the work so done (*Lucas* v. *Oglesby,* 28 *Ga. App.* 427, 111 S. E. 579), the judge did not err in sustaining the certiorari.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
> DECIDED JANUARY 17, 1923.

Certiorari; from Newton superior court — Judge Hutcheson. March 31, 1922.

*Rogers & Tuck,* for plaintiff.  *A. D. Meador,* for defendant.