*Gordon Knox, J. C. Bennett,* contra.

---

17251.   ATLANTA TRUST COMPANY *v.* OLIVER-MCDONALD

COMPANY.

STEPHENS, J. 1. Where there has been no division of the crop between the landlord and the cropper and where the cropper's portion of the crop has not been set aside, and thus the cropper has not received his part of the crop, no title to the crop passes into him, although he may have settled with the landlord for all advances made. Civil Code (1910), § 3705; *DeLoach* v. *Delk,* 119 *Ga.* 884 (47 S. E. 204); *Harley* v. *Davis,* 7 *Ga. App.* 386 (66 S. E. 1102). It follows, therefore, that where the crop is purchased from the landlord under an agreement with him that out of the purchase-money paid to him he is to settle with the cropper, and where, out of the proceeds thus derived, he settles in full with the cropper, such settlement amounts only to a satisfaction of the cropper's lien upon the crop, and is not a transaction whereby the cropper passes any title to the crop or by which the purchaser acquires any title to it coming out of the cropper. In this case title to the crop never passed out of the landlord into the cropper, but passed only out of the landlord into the purchaser, and the purchaser took the property subject to an existing mortgage lien thereon created by the landlord of which the purchaser had notice.

2. This being a proceeding by the mortgagee against the landlord to fore-

Chattel Mortgages, 11 C. J. p. 443, n. 71; p. 725, n. 45.
Crops, 17 C. J. p. 383, n. 48; p. 384, n. 76 New.

close the mortgage, where the purchaser of the crop from the landlord filed a claim of title to the property levied upon, the court, under the undisputed evidence, properly directed a verdict for the plaintiff, finding the property subject to the mortgage.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 10, 1927.

Levy and claim; from city court of Americus—Judge Harper. February 23, 1926.

STATEMENT OF FACTS BY STEPHENS, J.

On April 10, 1924, O. T. Bagwell executed a chattel mortgage to Oliver-McDonald Company, covering his crops of cotton, corn, etc., "now growing and to be grown on my farm in Sumter County, Georgia, and all other lands cultivated by me with children, tenants or laborers." The mortgage was duly recorded on April 11, 1924. In the fall of that year certain bales of cotton grown on the farms operated by O. T. Bagwell, and including cotton grown by his croppers, were placed in warehouses in Plains, Georgia, and receipts therefor taken in his name. Certain of these cotton receipts were transferred by him to the Atlanta Trust Company, as security for advances made to him by that company, to be used in settling with his croppers. On November 10, 1924, the mortgagee instituted proceedings to foreclose the mortgage, and certain of the mortgaged bales of cotton were levied upon as the property of the mortgagor, and the Atlanta Trust Company filed claim of title to the cotton levied upon. It appears from undisputed evidence that no actual division of the cotton was made and that no portion of the crop was set aside as belonging to the croppers, but that Mr. Bagwell settled in full with his croppers, paying them in cash the balance due them after making deductions for supplies furnished them. The court directed a verdict for the plaintiff. The claimant's motion for a new trial, based upon the general grounds and excepting to the direction of the verdict, was overruled, and the claimant excepted.

*R. L. Maynard,* for plaintiff in error.

*J. A. Hixon, Ellis, Webb & Ellis,* contra.