### 31148. FLYNT v. BARRETT.

PARKER, J. Flynt sued Barrett for damages, alleged to have been incurred by the plaintiff when the defendant took possession of certain crops raised by Brown on lands rented by the defendant to Brown, after the latter had been removed from the premises by being arrested and held in legal custody. Flynt alleged that he had furnished certain stock, tools, seeds, and fertilizer, and advances in money to Brown for the making of the crops, under an agreement whereby he was to receive one-half of the crops. He did not allege that the relation of landlord and tenant, or the relation of landlord and cropper, existed between Brown and himself, and no facts were pleaded showing that the plaintiff had title to the crops, or that he had any lien on the crops for rent

or supplies superior to the claim of the defendant, who owned the land and rented it to Brown. *Held*: Brown was either the tenant or the cropper of Barrett. If the former, the title to the crops was in Brown, subject to the landlord's lien for rent and supplies. If Brown was a cropper, the title to the crops remained in the landlord until there was a division and settlement. In either event, the plaintiff had no title to the crops, no lien on them, and no right to their possession; and he alleged no contract with the defendant on which the suit could be maintained. The court, therefore, properly sustained the general demurrer to the petition and dismissed the case. See Code, §§ 61-101, 61-202, 61-501, 61-502; *Harley* v. *Davis,* 7 *Ga. App.* 386 (66 S. E. 1102).

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*

DECIDED JANUARY 31, 1946.

*Charles W. Anderson, Leonard Pennisi,* for plaintiff.
*John H. Hudson,* for defendant.