## NICHOLSON *vs.* COOK.

Where two parties entered into a written contract, whereby one of them was to let the other have fifty acres of land, and was to furnish sufficient stock to cultivate it, and the other was to furnish the labor, and they were to divide the crops, if the former failed to furnish the necessary plow-stock and took charge of the crops, in the absence of any allegation of insolvency, there was an ample remedy at law, and a resort to equity was unnecessary.
December 22, 1885.

Contracts. Equity. Before Judge FAIN. Catoosa County. At Chambers. November 23, 1885.

Reported in the decision.

W. H. PAYNE, for plaintiff in error.

A. T. HACKETT; McCUTCHEN & SHUMATE, for defendant.

BLANDFORD. Justice.

Nicholson and Cook entered into a contract in writing, whereby Cook agreed to let Nicholson have fifty acres of land, and to furnish sufficient stock to cultivate the same, and Nicholson was to furnish the labor, and they were to divide the crops.

Nicholson filed his bill, in which he alleged that Cook failed to furnish the plow-stock to cultivate the farm, and that Cook had taken charge of the crops, and prayed an injunction to restrain Cook from interfering therewith. The court refused the injunction, and this is excepted to, and error is assigned thereon, and we are asked to review this decree. There is no allegation of the insolvency of Cook. The remedy of Nicholson is more adequate and complete at law than in equity. This case seems to be an exception; if Cook has violated his contract, a court of law can and will give damages for such violation; this is all that he can ask.

Judgment affirmed.