## KIMBALL *v.* MOODY & BREWSTER.

1. A laborer for a contractor cannot, by a mere common law suit against the latter and garnishment proceedings against the owner of realty upon which the contractor had agreed to build a house, enforce against such owner an alleged lien for labor done for the contractor upon the house, but can only do so by proper proceedings under the statute in such cases provided.
2. Where such a laborer obtained only a common law judgment against the contractor, and a garnishment sued out in connection therewith was not served upon the owner of the realty until after he had settled in full with the contractor, the owner, as such garnishee, cannot be made liable to the laborer for any portion of his judgment.

December 2, 1895.

*Certiorari.* Before Judge Lumpkin. Fulton superior court. September term, 1894.

*Speairs & Smith,* for plaintiff.

*Rosser & Carter,* for defendants.

LUMPKIN, Justice.

The statute plainly and distinctly points out the method by which a laborer may establish and enforce a lien upon realty, as against the owner thereof, for labor done under the employment of a contractor engaged by the owner to erect a building upon such realty. It is absolutely certain that such a lien cannot be nursed into existence nor enforced merely by instituting a common law suit against the contractor and causing a garnishment to be served upon the owner. It is proper enough to bring such a suit; and if the garnishment is served in time, it may result in the collection by the laborer of the money due him for his services. But if the garnishment is not served until after the owner of the realty has settled in full with the contractor, like all other garnishments served too late, it will be entirely unproductive.          *Judgment affirmed.*