## VISAGE *v.* BOWERS.

1. Where a landlord seeks to obtain a possessory warrant against his cropper under the Civil Code, § 3130, alleging that the cropper is attempting to exclude him from possession of the crop and fails to pay for supplies and advances made to him, it is not necessary to allege or prove the existence of any one of the grounds for obtaining a possessory warrant under the Civil Code, § 4799.
2. The evidence disclosing that the crops involved in the controversy had been by the parties divided into two parts (one half for each) and placed in separate houses on the land, although the plaintiff testified that they were to be kept there and not removed from the premises until final settlement, yet where it did not appear that the cropper was seeking to remove them, or had done any of the acts set out in the Civil Code, § 3130, as ground for a proceeding by the landlord, a judgment in favor of the plaintiff was not sustained by the evidence.

Submitted April 10,—Decided May 10, 1905.

Certiorari. Before Judge Felton. Crawford superior court. October term, 1904.

John H. Bowers made affidavit before a justice of the peace for the purpose of obtaining a possessory warrant against W. H. Visage as a cropper, under the Civil Code, § 3130, alleging that certain corn, fodder, and hay were the products of his farm cultivated by Visage as a cropper for the year 1903, and that the defendant was seeking to take possession thereof, and attempting to exclude the landlord from the possession of such crops, though having failed to pay for supplies and advances made by plaintiff to raise the crop. A warrant was issued, the defendant arrested, and the property seized. On the hearing the evidence for the plaintiff tended to show, that there had been no final division of the crops, but that the corn, fodder, and hay had been divided and placed in separate houses on the plaintiff's property, called the houses of plaintiff and defendant, but belonging to the former, with the understanding that the same should be kept there until a final settlement, and that the defendant could not move the products off the premises until the supplies were paid for in full, the sum of $25 being due the plaintiff. The evidence for the defendant tended to show that there had been a complete division between him and his landlord. Counsel for the defendant moved to dismiss the warrant, on the ground "that it was not [the] proper course to pursue, and the affidavit was not definite." The motion was overruled, and the magistrate awarded the property to the plaintiff upon giving bond. The defendant sued out a writ of certiorari, and to an adverse decision of the superior court filed a bill of exceptions.

*R. H. Culverhouse* and *Wallace & Smith*, for plaintiff in error.

Lumpkin, J. (After stating the foregoing facts.) 1. It is contended by plaintiff in error, that section 3130 of the Civil Code of 1895, which provides for a recovery by the landlord from his cropper of crops in certain cases by means of a possessory warrant, is to be construed in connection with section 4799, which provides generally when, by whom, and on what grounds possessory warrants may be issued; and that in order to proceed under the former section, some ground named in the latter must be alleged and shown. In this view we can not concur. Section 4799 has been the law of this State for many years. See act of 1821, Cobb's Dig. 591. It provides for the issuance of a possessory

warrant based upon au affidavit " that any personal chattel has been taken, enticed, or carried away, either by fraud, violence, seduction or other means, from the possession of a party complaining, or that such personal chattel having recently been in the quiet, peaceable, and legally acquired possession of such complaining party, has disappeared without his consent, and as he believes has been received or taken possession of by the party complained against, under some pretended claim, without lawful warrant or authority, and that the party claiming does in good faith claim a title to or interest in the personal chattel, or the possession thereof." In 1889 the legislature enacted a law which has been in part codified in section 3130 of the Civil Code, which reads as follows: " In all cases where a cropper shall unlawfully sell or otherwise dispose of any part of a crop, or where the cropper seeks to take possession of such crops, or to exclude the landlord from the possession of said crops, while the title thereto remains in the landlord, the landlord shall have the right to repossess said crops by possessory warrant, or by any other process of law by which the owner of property can recover it under the laws of this State." This created a new and distinct right on the part of landlords to proceed by possessory warrant under the circumstances referred to in that section. If, as contended by plaintiff in error, the landlord could not obtain a possessory warrant for the recovery of the crops except by making the affidavit provided for in § 4799, the mention of a possessory warrant in § 3130 would have been mere surplusage. If the landlord was in a position to adopt the remedy open to all persons under § 4799, and could not obtain a possessory warrant except as therein provided, then § 3130 would not only be of no benefit to the landlord, but an actual injury, because it would impose upon him additional conditions for proceeding by possessory warrant to repossess himself of crops. Without that section, if he were in a position to obtain the remedy under § 4799, he could do so. It was the evident purpose of the legislature, in passing the act of 1889, to confer upon the landlord an additional right to have the aid of a possessory warrant under the circumstances therein named. The assignment of error in the petition for certiorari makes this point distinctly. As stated in the answer of the magistrate, the motion to dismiss the warrant was based on the ground that " it

was not [the] proper course to pursue, and the affidavit was not definite." This statement itself is rather indefinite, but in so far as it raises the point above discussed it is without merit. A statement in a motion, that "the affidavit was not definite," without pointing out any defect in it, is too general to raise any distinct question.

2. According to the evidence of the plaintiff himself, as stated in the answer of the magistrate, the corn, fodder, and hay were divided, and were "carried and put in the houses of plaintiff and defendant, said houses being the property, and on the land of" plaintiff. Thus far what was done appears to have been with the consent of both parties. It is true that the plaintiff further testified, that there was an understanding that the property should be kept in those houses until a final settlement, and that the defendant could not move the crops off the premises until the supplies were paid for in full, and therefore plaintiff claimed possession of the same. But the evidence does not disclose that anything further was done in the matter by either the plaintiff or the defendant prior to the suing out of the possessory warrant. Nor does it appear that the defendant was seeking to remove the property, or to do any of the acts mentioned in § 3130 of the code as furnishing ground for a proceeding by a possessory warrant. So far as the evidence in this record goes, therefore, the proceeding was not shown to be well founded, and the judgment awarding the property was not supported.

*Judgment reversed.　All the Justices concur, except Candler, J. absent.*