## GOODSON *v.* WATSON.

Where the relation of landlord and cropper exists, the title to and right to control and possess the crop remains in the landlord until he has received his part thereof and has been fully paid for all advances made to the cropper to aid in making the crop.

Submitted February 27,—Decided May 16, 1906.

Complaint. Before Judge Raines. City court of Dawson. July 29, 1905.

*M. C. Edwards,* for plaintiff in error. *H. A. Wilkinson,* contra.

BECK, J. This case involves the title to and right to control the cropper's portion of a crop by a landlord until the latter has received his portion of the crop and been fully paid for the supplies and advances furnished the cropper to make the crop. Watson sued Goodson for a balance alleged to be due him as cropper, over and above his debt to the landlord for advances. It appears from the plaintiff's testimony, that he delivered to Goodson portions of the cotton crop at divers times, and instructed the latter to sell his, Watson's, share at the time each delivery was made; and that if the landlord had carried out these instructions, the debt for advances and supplies would not only have been discharged, but the landlord would have become his debtor to the amount for the recovery of which this action was brought. Watson, however, himself admitted that at the time of the delivery of the cotton the landlord had not received all of his portion of the crop; and it appears from the record that had the cotton been sold at the time of delivery, the proceeds would not have satisfied the debt for advances. Indeed Goodson denied that he had been instructed to sell the cotton; but as the plaintiff recovered in the court below, and there was enough evidence to support the verdict, the defendant's contention in this regard need not be considered. Goodson finally sold the

plaintiff's portion of the crop when he sold his own share, and at a considerably lower price than he could have received had he sold it at the time of its delivery by Watson, the market having appreciably declined. Watson was thus left still in the landlord's debt, and the latter sought to recover judgment against him for this balance. The only ground of Goodson's motion for a new trial which need be considered is his attack upon the following charge of the court: "I charge you, gentlemen, that if Watson brought two bales of cotton to market, and directed Goodson to sell his half, and Goodson could have received at that time ten and five eighths cents per pound as the market price of that cotton, but failed and refused to sell same, and cotton depreciated so that he could only secure six and three quarter cents per pound for said cotton in open market, and did actually sell same at that price, still Watson would be entitled to recover the difference in the price at which he ordered Goodson to sell and at which Goodson did sell, for his half." The new trial was denied, and the defendant excepted.

There can be no doubt whatever that the charge quoted was error. It is in the very teeth of the statute which declares, "Whenever the relation of landlord and cropper exists, the title to and right to control and possess the crops grown and raised upon the lands of the landlord by the cropper shall be vested in the landlord until he has received his part of the crops so raised, and is fully paid for all advances made to the cropper in the year said crops were raised to aid in making said crops." Civil Code, § 3129. As will have been observed, this statute in no uncertain terms declares "the title to and right to control and possess" the crop is in the landlord until he has received his share of the crop and been paid for all advances made to aid in making the crop. It may seem that this law is harsh and inequitable, but it can not be said to be ambiguous. It appears from the record that the landlord had not been fully paid when this cotton was turned over to him; nor had he received his share of the crop; and giving the language of the statute its plain and obvious meaning, we can not but hold that the charge excepted to was erroneous, requiring the grant of a new trial.

*Judgment reversed. All the Justices concur.*