### 402.  GARRICK *v.* JONES.

RUSSELL, J.  1. In a court for the correction of errors of law, the verdict of the jury is conclusive as to issues of fact properly submitted to them. Three well-defined issues of fact were involved—contract, performance, advances, upon the determination of which depended the legal result of lien or no lien. The verdict established the plaintiff's evidence as the truth of the case, and is presumptively right. No reason appears why the verdict and the judgment in accordance therewith should be set aside, and the motion for new trial was properly refused.

2. According to the facts found by the jury to be true, the plaintiff in error, as landlord, was to furnish the land, plow stock, etc., and the defendant in error was to furnish the labor; and the crop was to be equally divided. The relation of landlord and "cropper" existed, which is merely a mode of paying a laborer wages for his labor, and he has no title to any part of the crop until the rent and advances are paid. It was undisputed that the landlord was in control and had received all of the crop that had been gathered, up to the foreclosure of the laborer's special lien; and the jury found, as authorized by the evidence, that the portion of the crop taken by the landlord was more than enough to pay the rent and all the advances, and that the cropper was entitled to foreclose his special lien on the remainder. The right of the jury to prefer this evidence can not be questioned, and it is equally well settled that after the payment of the rent and all advances a cropper

is entitled to foreclose his special laborer's lien for the balance due. *McElmurray* v. *Turner*, 86 *Ga.* 215, 12 S. E. 359.

3. If a landlord has no property upon which a laborer's general lien may be foreclosed, a cropper is not required to wait to foreclose his special laborer's lien until the entire crop has been delivered to the landlord and by him disposed of. Theoretical satisfaction is not the equivalent of actual relief. The rent and advances made to aid in making the crop must, from the nature of the case, be first paid, but the agreement to pay the cropper part of the crop as his wages is as much a part of the contract.

4. Delivery of the landlord's share of the crop by the cropper and payment by such cropper for all advances is full performance of the contract upon his part, and will entitle such cropper to foreclose his lien as a laborer, either upon the remainder of the crop or upon the property of the landlord generally.                                          *Judgment affirmed.*

Foreclosure of lien, from city court of Statesboro—Judge Brannen. February 12, 1907.

Submitted June 21,—Decided July 25, 1907.

*A. M. Deal, Fred. T. Lanier*, for plaintiff in error.

*R. Lee Moore,* contra.