### 5453.  BAKER *v.* PURVIS.

No error of law being complained of, and the evidence being sufficient to sustain the verdict, the discretion of the trial judge in overruling the motion for a new trial can not be interfered with by this court.
                    DECIDED JULY 7, 1914.

Complaint; from city court of Nashville—Judge Christian. December 12, 1913.

*Joseph A. Alexander,* for plaintiff in error.
*Fulwood & Skeen, Lovett & Murray,* contra.

WADE, J.  The jury returned a verdict in favor of the plaintiff for $205.35 principal, and the costs of suit.  A motion for a new trial was made by the defendant on the general grounds, that the verdict was contrary to evidence, etc., and on the following grounds, which are in effect an enlargement of those grounds:  First:  Because the verdict and judgment are contrary to evidence and without evidence to support the same, for the reason that the testimony of both plaintiff and defendant shows that the defendant was entitled to a credit of $27 for bagging, ginning, and ties, for the cotton in dispute.  Second:  Because the verdict and judgment are contrary to evidence and without evidence to support the same, for the reason that the testimony of both plaintiff and defendant showed that the defendant was entitled to a credit of eight per cent. interest from the eighth day of January, 1911, on $100, borrowed money, until December 1, 1913, making the sum of $23.16.

The plaintiff alleged, that he was a cropper on the lands of the defendant, and that, besides other crops, which were divided in accordance with their contract, he made, gathered, ginned, and delivered to the defendant 18 bales of cotton, one half of which was his property, after the indebtedness which he owed the defendant

for advances to make the crop should be discharged; that the defendant retained the cotton and refused to deliver it to the plaintiff or to account to him therefor, and converted it to his own use, though the plaintiff, before demanding the cotton or a settlement, made a legal tender to the defendant of the total amount he owed the defendant. He testified that he had a bona fide offer of 12½ cents per pound for his half of the cotton, and could have sold it at that price, which would make the cotton worth $562.50 for nine bales weighing 500 pounds each. He further testified that the defendant owed him $80 for cleaning up new ground, $32 for extra labor, $2.30 for splitting rails, and 85 cents for coffee, and also owed him for two plows that cost 45 cents, and another plow that cost 25 cents, making a total of $678.35, including with the other items mentioned the nine bales of cotton claimed by the plaintiff.

The defendant swore that the plaintiff was indebted to him as follows: Borrowed money $100, with interest at 8 per cent. thereon, from January 8, 1911; cash $30; cash $10; cash $10; cash $27; corn $8; an axe and handle $1.60; $20 in cash; $20 by check; $30 in cash; $15 in cash; $6 by check; $25 in cash; $96 for one-half of 8 tons of guano at $24 per ton, and $25 for ginning, bagging, and ties; total $423.60. Adding to this total the further sum of $23.16 claimed by the defendant in the motion for a new trial as interest, according to the testimony of the defendant himself the sum total due the defendant by the plaintiff (including the sum of $25 as above, alleged to be due for ginning, bagging and ties) was $446.76. Deducting this amount from the $678.35 which the defendant owed the plaintiff, according to the testimony of the latter, there is a balance of $231.59 due by the defendant to the plaintiff, which the jury *could* have found against the defendant had they charged the defendant with the highest price for the cotton proved by the testimony of the plaintiff and of one of his witnesses,— 12½ cents per pound. The jury evidently fixed the price of cotton at a price less than 12½ cents per pound, or allowed some other charges against the plaintiff besides those shown by the evidence of the defendant, or perhaps refused to allow the plaintiff all the items included in his bill against the defendant for labor, etc. However that may be, the verdict actually found by the jury is one that could be found under the testimony of both plaintiff and defendant; and this is as far as we are authorized to go in investigating the questions raised by the motion for a new trial.

It appears, from the testimony of the defendant himself, that he sold some cotton for 12 cents per pound during the same season. Also, the defendant claimed that the plaintiff used 8 tons of guano, and owed him for one half of the same, or $96, included in the $446.76 named above, while the plaintiff insisted that he used only 6 tons of guano and owed the defendant but $72 for his half thereof; which allows a still further margin in behalf of the plaintiff, supposing the jury accepted his statement in preference of that of the defendant as to this charge. In another part of the record the defendant said the bagging, ties, and ginning of the cotton in dispute came to $27; and the deduction of this sum instead of the $25 elsewhere mentioned would make a difference of $2 more, but still leave the verdict actually found well within the amount the jury could have found had they estimated the cotton at 12½ cents per pound as aforesaid.

The evidence nowhere discloses what was the average weight per bale of the cotton made by the plaintiff and delivered to the defendant; and but for admissions in the plea of the defendant, it would, for this reason, be impossible to sustain the verdict rendered, or in fact any verdict that might have been rendered, since the court can not assume, without proof, that a bale of cotton means a bale weighing 500 pounds, where nothing is shown as to the weight thereof. The following appears, however, in the fifth paragraph of the defendant's answer: "Defendant denies the allegations contained in paragraph 5 of the plaintiff's petition, and, further answering said paragraph, says that on the 7th day of March, 1912, this defendant purchased of the plaintiff five bales of said cotton at 10 cents per pound, amounting to $250 to the part of the plaintiff, and four bales at 7 cents per pound, amounting to $140 to the part of the plaintiff." The amount of $250 for 5 bales of cotton at 10 cents per pound necessarily meant that the 5 bales aggregated 2,500 pounds of cotton. The amount of $140 for 4 bales of cotton at 7 cents per pound necessarily meant that these 4 bales aggregated 2,000 pounds. So that the cotton belonging to the plaintiff, which, as appears by the allegations and admissions in his plea, the defendant recognized as the plaintiff's property in his hands (subject of course to the indebtedness of the plaintiff thereon), amounted in the aggregate to 4,500 pounds, or to 9 bales of 500 pounds each. Other issues raised by the pleadings need not

be considered, as the jury evidently found against the defendant thereon. We can not, of course, do more than surmise what items, sworn to by the one party or the other, were allowed or considered by the jury. Suffice it to say, there was ample evidence to sustain the verdict rendered, or one for even a larger amount than that found, had the jury put perhaps a different valuation on the cotton, or allowed or disallowed different items from those they did actually allow or disallow.　　　　　　　　*Judgment affirmed.*