*W. W. Stark,* for defendants.

---

### 7527.  JENNINGS *v.* LANHAM.

BROYLES, J.  1. The fact that a cropper has a laborer's lien on the crops raised by him and. is entitled to foreclose it does not prevent him from suing his landlord for the amount of the indebtedness due under his contract. The remedy given by sections 3334, 3365, and 3366 of the Civil Code of 1910 is not exclusive, and does not deprive a laborer of his common-law right to sue upon a contract, but is merely cumulative of that right. *Doe* v. *Georgia R. Co.,* 1 *Ga.* 524.

2. When the relation of landlord and cropper exists, the landlord has the title to and control of the crops until all advances are paid (Civil Code, § 3705), but when a sufficiency of the crop has been turned over by the cropper to the landlord to pay all advances made by the landlord and leave a balance of the cropper's portion in the hands of the landlord, the cropper is entitled to demand the balance due him from the landlord. *Garrick* v. *Jones,* 2 *Ga. App.* 382 (2) (58 S. E. 543), *McElmurray* v. *Turner,* 86 *Ga.* 215 (12 S. E. 359); *Baker* v. *Purvis,* 14 *Ga. App.* 718 (82 S. E. 251). The decision in *Goodson* v. *Watson,* 125 *Ga.* 413 (54 S. E. 84), under its particular facts, is not in conflict with this ruling.

3. It was not necessary for the cropper to allege in his petition that the landlord was insolvent. This was not an equitable proceeding, and where a full and complete remedy for the settlement of accounts can be had at law, equity is ousted of its jurisdiction. *Osborn* v. *Ordinary,* 17 *Ga.* 123 (63 Am. D. 230).

4. The petition set out a cause of action, and the court did not err in overruling the general demurrer interposed.

*Judgment affirmed. Hodges, J., absent.*

DECIDED DECEMBER 11, 1916.

Complaint; from city court of Blakely—Judge Sheffield.   May 16, 1916.

*Glessner & Collins,* for plaintiff in error.   *L. M. Rambo,* contra.