## 9259. PERDUE v. CASON.

LUKE, J. 1. Where the relation of landlord and cropper exists, and the landlord wrongfully refuses to perform his part of the contract, the cropper has three courses of procedure open to him: (1) If the landlord's breach consists solely of a refusal to furnish articles which may be obtained elsewhere, it is the cropper's privilege to obtain them, complete the crop as contemplated by the contract, and hold the landlord and the landlord's share of the crop responsible for the actual damages resulting from the breach of contract; or (2) the cropper may sue immediately for his special injuries, if any, including the value of the services rendered; or (3) he may wait until the expiration of the harvest season and sue for the full value of his share of the crop or what his share would reasonably have been under a faithful performance of the contract by both parties. Park's Ann. Code, §§ 3588, 3705, 3707, 4398.

2. Whatever the measure of damages may be in such a case, a right of action arises upon the breach of the contract. Civil Code (1910), § 4397; *Sutton* v. *Southern Railway Co.*, 101 *Ga.* 776 (29 S. E. 53). Consequently any action therefor brought after the breach is not prematurely brought. If the cropper elects to sue immediately, and the term of the contract expires before the trial is had, the recovery may, under proper averments, embrace all damages down to the expiration of the term. *Roberts* v. *Crowley*, 81 *Ga.* 429 (3), 439 (7 S. E. 740); *Roberts* v. *Rigden*, 81 *Ga.* 440 (7 S. E. 742); *G., F. & A. Ry. Co.* v. *Parsons*, 12 *Ga. App.* 180 (2), 182 (76 S. E. 1063). If in such a case the petition contains averments on which to base inconsistent measures of damages, the plaintiff must, at the trial, elect upon which he will rely for a recovery. If the averments authorize but one measure of recovery, the plaintiff will be restricted to that measure.

3. Where, as in this case, the suit is brought before the expiration of the harvest season, and the value of the plaintiff's share of the crop is the only measure of damages alleged, the petition, even if defective, is not subject to a general demurrer, the sustaining of which would be an adjudication of the action upon its merits. Such alleged measure of damages can, however, be appropriate only where the trial is after the expiration of the term of the alleged contract. There was no demurrer for the plaintiff's failure to allege an immediately appropriate measure of damages.

4. Except as dealt with herein, the defendant's demurrer was without substantial merit.

5. The court erred in sustaining the demurrer and dismissing the action.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*

DECIDED MAY 14, 1918.

Complaint; from Warren superior court—Judge Walker. October 2, 1917.

*L. D. McGregor,* for plaintiff. *M. L. Felts,* for defendant.