*Henry Reeves,* contra.

---

### 14073.   COLLIER *et al. v.* PRITCHETT.

BELL, J.   1.   " Whenever the relation of landlord and cropper exists, the title to and right to control and possess the crops grown and raised upon the lands of the landlord by the cropper shall be vested in the landlord until he has received his part of the crops so raised, and is fully paid for all advances made to the cropper in the year said crops were raised to aid in making said crops." Civil Code (1910), § 3705. The title " remains in the landlord until there has been an actual division and settlement." *Bowles* v. *Bowles,* 101 *Ga.* 837, 840; *DeLoach* v. *Delk,* 119 *Ga.* 884 (1) (47 S. E. 204); *Goodson* v. *Watson,* 125 *Ga.* 413 (54 S. E. 84); *Harley* v. *Davis,* 7 *Ga. App.* 386 (66 S. E. 1102); *Welch* v. *Lindsey,* 27 *Ga. App.* 164 (3) (107 S. E. 891).

2. That the landlord charges the cropper with items for which the cropper is not liable would not justify the latter in withholding from the landlord the control and possession of the undivided crops, though the cropper may have paid to the landlord all just indebtedness for advances made during the year to aid in making the crops. Other remedies are provided by law for the cropper in case of a failure of the landlord to carry out his contract. *McElmurray* v. *Turner,* 86 *Ga.* 215 (3) (12 S. E. 359); *Lewis* v. *Owens,* 124 *Ga.* 228 (1) (52 S. E. 333); *Garrick* v. *Jones,* 2 *Ga. App.* 382 (4) (58 S. E. 543); *Baker* v. *Purvis,* 14 *Ga. App.* 718 (82 S. E. 251); *Jennings* v. *Lanham,* 19 *Ga. App.* 79 (1, 2) (90 S. E. 1038). See also *Perdue* v. *Cason,* 22 *Ga. App.* 284 (1, 2) (96 S. E. 16).

3. This was an action of trover by the landlord against a cropper. After both sides had submitted evidence, the court awarded a nonsuit, and the plaintiff excepted. While trover is not maintainable by the landlord unless there has been a conversion of the crops by the cropper (*Forehand* v. *Jones,* 84 *Ga.* 508, 10 S. E. 1090; *Visage* v. *Bowers,* 122 *Ga.* 760 (2), 50 S. E. 952, a possessory warrant case), yet in the instant

case one member of the plaintiff firm testified: "He [the defendant] refused to turn over the cotton [a part of the crops] to me. He gave a $2,000 bond, and I have never got any part of the crop I am suing for." The defendant testified: "All of the cotton [several bales] averaged 500 pounds to the bale. I did not give Mr. Collier half of the cotton. It is in Meansville warehouse now. I did not give it to him when he demanded it of me. The reason was that he wanted me to pay for a dead mule. I did not give him any part of the cotton crop except the seven bales, but I would have done it but for the mule matter. I did not give him any part of the corn, but I offered it to him after the suit was filed." It is inferable from the references to the bond (affidavit for which was made and filed on the date of the process) by the plaintiff's witness, and to suit by the defendant, that their testimony respectively related to a demand and refusal occurring before the suit; and the evidence of the plaintiff's witness, one of the partners, could properly have been taken as showing a demand in behalf of his firm.

(a) Furthermore, the defendant had previously testified: "I carried the eighth bale of cotton, and heard he had charged me with the mule, so I would not turn over the cotton until I saw whether the mule was charged. I put the cotton in Summers' warehouse, where it seemed that Mr. Collier wanted it put, but kept the receipt." In view of the entire evidence, the transaction here testified about quite evidently antedated the filing of the suit. The evidence would have authorized the inference of a conversion of a part of the crops by the cropper, and it was error to award a nonsuit.

4. "It is error to grant a nonsuit if a verdict would be authorized for any amount of a plaintiff's demand, where the nature of the facts proved corresponds with the case laid in the petition. A nonsuit should not be awarded, even though evidence be introduced in behalf of the plaintiff which is vague and contradictory, if a recovery for any amount, no matter how small, may be authorized by any reasonable inference which may be drawn by the jury from any of the testimony." *Pendleton* v. *Atlantic Lumber Co.*, 3 *Ga. App.* 714 (1). Whether a conversion of a part of the crops would go to the whole is not now presented for decision. The record does not show that the trial court passed on that question. See Bowers on Conversion, § 299; *Williams* v. *Mitchem*, 151 *Ga.* 227 (4), 234 (106 S. E. 284).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1923.

Trover; from Lamar superior court — Judge Searcy. September 6, 1922.

*J. R. Davis,* for plaintiff.    *J. F. Redding,* for defendant.