### 18932. BROWN *v.* COLEMAN.

BELL, J. 1. While it is true that when the relation of landlord and cropper exists the landlord has the title to and the control of the crops until all advances are paid, yet where the cropper has fully executed his contract of labor, including delivery of all the crops to the landlord, and where the cropper's portion of such crops is sufficient to pay all advances made by the landlord and to leave a remainder of the cropper's portion in the hands of the landlord, the cropper is then entitled to demand a settlement and a division of the crops, when the landlord must account to the cropper for his share or the value thereof. *Baker* v. *Purvis,* 14 *Ga. App.* 718 (82 S. E. 251); *Jennings* v. *Lanham,* 19 *Ga. App.* 79 (2) (90 S. E. 1038).

2. In such a case the right of the cropper may be enforced by a suit upon the contract. While the remedy of a laborer's lien foreclosure is available, it is not the only remedy which the cropper may adopt. Compare *Kimball* v. *Moody,* 97 *Ga.* 549 (25 S. E. 338); *Rhodes & Son Furniture Co.* v. *Freeman,* 2 *Ga. App.* 473 (1) (58 S. E. 696); *Kirkpatrick Hdwe. Co.* v. *Hamlet,* 20 *Ga. App.* 719 (4) (93 S. E. 226); *Smart* v. *Hill,* 29 *Ga. App.* 400 (1) (116 S. E. 66).

3. The evidence in this case authorized the verdict found in favor of the plaintiff cropper. There was no merit in any of the special grounds of the defendant's motion for a new trial, and it was not error to refuse the motion. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 22, 1929.

*Kirkland & Kirkland,* for plaintiff in error.
*Price & Spivey,* contra.