21834. SURRENCY *et al.* v. O'QUINN.

JENKINS, P. J. 1. Where one is employed to work for a part of the crop, the relation of landlord and tenant does not arise (Civil Code of 1910, § 3707); and "the title to and right to control and possess the crop grown and raised upon the lands of the landlord by the cropper shall be vested in the landlord until he has received his part of the crops so raised, and is fully paid for all advances made to the cropper to aid in making such crops for the year said crops were raised." Civil Code (1910), § 3705.

2. If the landlord wrongfully refuses to perform his part of the contract, the cropper may sue immediately for his special injuries, if any, including the value of services rendered, or he may wait until the expiration of

the harvest season and sue for the full value of his share of the crop, or what his share would reasonably have been on a faithful performance of the contract by both parties. If the cropper elect to sue immediately, and the term of the contract expires before the trial, the recovery may, under proper averments, embrace all damages down to the expiration of the term. If the pleadings contain averments on which to base inconsistent measures of damages, the plaintiff must, at the trial, elect upon which he will rely for recovery. If but one measure of damages is authorized under the pleadings, the plaintiff will be restricted to that measure. *Perdue* v. *Cason*, 22 *Ga. App.* 284 (96 S. E. 16).

3. The instant suit by a cropper alleging a breach of the contract between himself and his landlord was instituted by foreclosure of a laborer's lien, and it was sought therein to recover only the full value of the plaintiff's share of the crop. Accordingly, testimony as to the value of the plaintiff's services, on a per diem basis, prior to the alleged breach, should have been rejected as irrelevant and immaterial, when objected to on that ground.

4. The charge of the court, as originally given, stated the wrong measure of damages, in that the jury were instructed that the plaintiff had elected to sue for special injuries, including the value of the services rendered by him. The court undertook, after the jury had retired for consideration of the case, to correct the previous instruction, by charging them that the measure of damages was that indicated and sought to be recovered by the plaintiff's pleadings; the supplemental instruction was in part as follows: "In the event you find in favor of the plaintiff, that is, find that the defendant breached the contract, then I charge you that in that event the measure of recovery would be the full value of the plaintiff's share of the crop, or what his share would reasonably have been, under a faithful performance of the contract by both parties; that is to say, the measure of damages would be the full value of the cropper's share of the crop, or what his share would reasonably have been, less the expense of finishing the making and the gathering of the crop; and I charge you that now, as the measure of damages, or the measure of recovery in lieu of any other measure of recovery I have heretofore given you, and substitute that for any other measure of recovery mentioned in my former charge." The evidence indicated that the landlord had made advances to the cropper prior to the alleged breach, and the supplemental charge, which stated as the measure of recovery "the full value of the plaintiff's share of the crop, or what his share would reasonably have been, less the expense of finishing the making and the gathering of the crop," eliminated from consideration by the jury the advances made by the landlord prior to the alleged breach, and was, therefore, subject to the criticism made thereon.

5. For the reasons stated above, the court erred in overruling the defendants' motion for a new trial.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 29, 1932.

*J. P. Knight,* for plaintiffs in error. *C. E. Parrish,* contra.