KELLEY *v.* MOODY.

No. 9098. DECEMBER 15, 1932.

*P. Z. Geer,* for plaintiff in error.  *N. L. Stapleton,* contra.

HILL, J.  O. B. Moody brought a petition for injunction and receiver against S. G. Kelley, alleging in substance the following: S. G. Kelley is indebted to petitioner $175 or other large amount. On or about January 1, 1931, petitioner and Kelley entered into an oral contract whereby petitioner was to cultivate as a share-cropper thirty-five acres of land belonging to Kelley, it being agreed that Kelley was to furnish the land, the mule feed, planting seed, half of the fertilizer used under the crops grown on the place, syrup as needed, and $5 per month in cash for the first six months of the year, with which to buy supplies in making the crop.  It was agreed between the parties that petitioner should use his own mule and plow tools in making and gathering the crop, and Kelley was

to pay him $20 for the use of them. . Petitioner was to make and gather the crops and to pay for half of the fertilizer used, and was to receive half of the crops grown and cultivated on the place in payment for his labor. It was agreed that petitioner could furnish the seed and plant velvet beans and runner peanuts for hog-feed in the corn to be raised by him, and that all of the velvet beans and runner peanuts so raised should belong to him. In accordance with the terms of the contract he has cultivated and grown 18 acres of corn, which will average three bushels per acre of matured. corn; he has also grown and cultivated six acres of cotton, from which he has gathered and delivered to Kelley one bale of lint-cotton weighing 519 pounds, of the value of six cents per pound when delivered; he has 1000 pounds of seed-cotton picked, and about 1200 pounds of seed-cotton in the field ungathered; he grew and cultivated twelve acres of peanuts which have been harvested and are nearly ready to be picked; the peanuts when picked will aggregate four and a half tons, and three tons of hay; he furnished also the seed for the planting of both velvet beans and peanuts for hog-feed in eight acres of corn. Kelley has furnished petitioner, since January 1, $35 in cash, nine gallons of syrup of the value of sixty cents per gallon, and one ton of guano of the value of $27. Kelley was to pay for half of the fertilizer, leaving a balance of $13.50 to be paid by petitioner. The total value of the crops grown and cultivated by petitioner under the contract will aggregate from $325 to $350. All of the crops so cultivated and grown have matured, and practically all of them have been gathered; and petitioner stands ready and willing to complete the gathering of said crops. On September 21, 1931, Kelley came to the field where petitioner was at work, ordered him out of the field, and placed other hands in the field to gather the crops. Kelley told petitioner to take himself off of the place, saying that he had no further interest in the crops, and that Kelley would do the rest. Petitioner then and there demanded of Kelley payment for his work and labor in making the crops. Kelley not only refused to pay him anything, but stated to him that he had no interest in any of the crops, and refused to let him do any further work on the place. Kelley is insolvent; there are outstanding unpaid executions against him. If Kelley is allowed to move and dispose of all of the crops so grown and cultivated, petitioner will have no redress under the law. He not only has not received his

half of the crops grown and cultivated by him, but he has not received anything whatever out of the crops. He prays for accounting, receivership of the crops, injunction to prevent the defendant from selling or disposing of any of the crops, and judgment against the defendant for $175, or such amount as may be found to be due by defendant on an accounting.

The defendant filed a demurrer on the grounds that the petition sets out no cause of action; that there is no equity in the petition; and that the plaintiff has an adequate remedy at law. The court overruled the demurrer, and the defendant excepted.

This case does not involve strictly a share-cropper's contract with his landlord, whereby the share-cropper receives only one half of the crop planted, cultivated, and gathered as his wages for so doing; but it is a contract where, as is alleged, the plaintiff is to receive, in addition to half of the cotton and corn grown upon the land of the landlord, a certain sum of money for the use of his mule, plow, and farm implements; where he was to furnish the seed for planting velvet beans and "runner peanuts," and was to receive all of this latter crop of feed for his hogs; and the defendant is insolvent. There is a prayer for receiver, and for injunction to prevent the landlord from selling the crops until it can be determined what the plaintiff is entitled to under the contract as alleged. It is contended that the plaintiff had an adequate remedy at law by foreclosing his laborer's lien; but under a laborer's lien the plaintiff could recover only the value of his labor in raising the crops which the landlord was to divide with him as compensation for his labor in making and gathering the crops. In the instant case there was something more than labor expended on the part of the plaintiff, as alleged; and there were other features in the contract as alleged, which would entitle the plaintiff to the fuller relief given in a court of equity than would be accorded by foreclosing his laborer's lien. The share-cropper was to receive, as already stated, a certain sum for the hire of his mule, plow tools, etc.; and therefore a laborer's lien would not be an adequate remedy for the recovery of plaintiff's claim. *McElmurray* v. *Turner,* 86 *Ga.* 215 (2) (12 S. E. 359), *De-Loach* v. *Delk,* 119 *Ga.* 884 (47 S. E. 204), *Lewis* v. *Owens,* 124 *Ga.* 228 (52 S. E. 333), *Garrick* v. *Jones,* 2 *Ga. App.* 382 (2) (58 S. E. 543), *Smart* v. *Hill,* 29 *Ga. App.* 400 (116 S. E. 66), and *Howard* v. *Franklin,* 32 *Ga. App.* 737 (124 S. E. 554), were cases

where the claims were for labor expended in cultivating and gathering the crops, and it was held that the cropper had an adequate remedy at law by filing a laborer's lien; but here there is something in addition to that; there is a prayer for a receiver, and for injunction to prevent the landlord, in whom the title to the crop was, from gathering and selling the crop until it could be determined what was due to the plaintiff; and there was also an allegation that the landlord was insolvent. Taking these allegations to be true on demurrer, the petition set out an equitable cause of action, and the court did not err in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*