## HANSON *v.* FLETCHER.

No. 11610. FEBRUARY 12, 1937.

*R. E. Cheshire* and *Hoyt H. Whelchel,* for plaintiff.
*John T. Coyle,* for defendant.

BELL, Justice. On August 10, 1936, a landlord instituted an action to enjoin a cropper from continuing to occupy the premises after his discharge as an employee. Compare *Marshall* v. *Matthews,* 149 *Ga.* 370 (100 S. E. 103). At an interlocutory hearing, the court granted an injunction as prayed by the plaintiff, but at the same time appointed a receiver to harvest and divide the remaining crops, as prayed by the defendant. To the order appointing a receiver the plaintiff excepted. While the parties were in sharp controversy as to several matters, the judge was authorized, under the pleadings and the evidence, to find as follows: The defendant was not indebted to the plaintiff in any sum for advances or otherwise. The cultivation of the crops had been completed, and they were all practically mature and ready for har-

vesting. The defendant had a valuable interest therein, the same being, however, incapable of ascertainment until after harvesting and marketing. With reference to a portion of the crops, the parties were in disagreement as to whether they should be divided in kind or sold and the proceeds divided, the defendant desiring a division in kind, and the plaintiff intending a sale. Under the special terms of the contract, the plaintiff agreed for the defendant to have the right of marketing the crops as they matured, but was seeking to exclude the defendant from this right under the contract, and to deprive him of his just and proper share. The defendant had faithfully performed and abided by all the terms of the agreement, and his discharge was wrongful. The defendant's answer, which was positively verified and introduced in evidence, contained the allegation that "It is impossible to accurately estimate the value of said crop at this time, and that the final value of same will depend upon the proper gathering and marketing of said crop, and that said plaintiff is without ability or experience in the proper gathering and marketing of said crops, and that unless a receiver is appointed to take charge of the gathering of said crop, that this defendant will suffer irreparable loss and damage, and that unless said receiver is so appointed to gather, divide, and market said crop, and to keep an accurate record of same, it will be impossible for this defendant to secure information to compute the loss and damage sustained by him." The defendant also made and introduced an affidavit, declaring that the allegations made in his answer were true, and expressly adopting them as a part of his evidence at the hearing.

While it is ordinarily true that under the relation of landlord and cropper the landlord has the right to control and possess the crops until he has received his portion and is fully paid for all advances made by him to aid in their production (Code, § 61-502), the right may be varied by special agreement; and in this case there was evidence that authority to market the crops was granted to the cropper as one of the terms of the contract. In view of the special terms of the contract and the other facts of the case, the court did not err in appointing a receiver, although it did not appear that the plaintiff was insolvent. *Bussell* v. *Bishop,* 152 *Ga.* 428 (110 S. E. 174); *George* v. *Bullard,* 178 *Ga.* 589 (173 S. E. 920). Compare *Kelley* v. *Moody,* 176 *Ga.* 138 (167 S. E.

101). The present case differs on its facts from *Nicholson* v. *Cook,* 76 *Ga.* 24; *Casey* v. *McDaniel,* 154 *Ga.* 181 (113 S. E. 804), where it was held that the cropper had an adequate remedy at law and did not need equitable relief. The court did not err in appointing a receiver.

*Judgment affirmed. All the Justices concur.*