LYLES *v.* WATSON.

No. 12991. MARCH 14, 1940.

769

770

*McDonald & McDonald,* for plaintiff in error.

*D. E. Griffin,* contra.

BELL, Justice. ■ The ruling stated in the first headnote does not require elaboration.

■ In *Nicholson* v. *Cook,* 76 *Ga.* 24, it was held: "Where two parties entered into a written contract, whereby one of them was to let the other have fifty acres of land, and was to furnish sufficient stock to cultivate it, and the other was to furnish the labor, and they were to divide the crops, if the former failed to furnish the necessary plow-stock and took charge of the crops, in the absence of any allegation of insolvency, there was an ample remedy at law, and a resort to equity was unnecessary." The same principle was applied in *Casey* v. *McDaniel,* 154 *Ga.* 181 (113 S. E. 804), where it was held that the court did not err in refusing an injunction. While the facts of the present case are slightly different, they are not materially so as related to the relief of injunction, and the case falls within the general rule applied in the two cases just cited. See also *Marshall* v. *Matthews,* 149 *Ga.* 370 (100 S. E. 103). The instant case is distinguished by its facts from *Bussell* v. *Bishop,* 152 *Ga.* 428 (110 S. E. 174), *Kelley* v. *Moody,* 176 *Ga.* 138 (167 S. E. 101), and *Hanson* v. *Fletcher,* 183 *Ga.* 858 (190 S. E. 29). In the *Bussell* case the judge enjoined the landlord from interfering with the cropper, and appointed a receiver to supervise the harvesting of the crops. The plaintiff's evidence in that case tended to show that the defendant had organized a mob and assaulted the plain-

tiff for the purpose of forcing him to abandon his crops. In the decision it was said: "The judge was authorized, under the peculiar facts of this case, to issue an injunction against the landlord, though solvent, restraining him from going upon and taking charge of the crops by the means and in the manner alleged in the petition. That is to say, a court of equity may enjoin a landlord, though solvent, from attempting by mob violence to intimidate his cropper in order to compel him to breach his contract and to abandon his crop after the crop is practically matured. Not only did the landlord and his friends, according to the allegations of the plaintiff, assault the plaintiff, but the landlord thereafter and on several occasions drove his car at night up to and near the house in which plaintiff lived, and conducted himself in such manner as to lead to a reasonable inference that a further assault upon the plaintiff was imminent unless plaintiff should leave the premises."

In the *Kelley* case, supra, there were other features in the contract besides the relation of landlord and cropper, and it was alleged that the landlord was insolvent. In the *Hanson* case, supra, a landlord instituted an action to enjoin a cropper from continuing to occupy the premises after his discharge as an employee. At interlocutory hearing the court granted an injunction as prayed by the plaintiff, but also appointed a receiver to harvest and divide the remaining crops, as prayed by the defendant. To the order appointing a receiver the plaintiff excepted. The propriety of this order was the only question for determination, as the landlord was not enjoined. In that case the judge was authorized to find that by special agreement the landlord had relinquished the right to control and possess the crops, having consented for the defendant to possess and market them as they matured. It appears that the decision by this court was based in part upon this circumstance, the conclusion being, that, "In view of the special terms of the contract and the other facts of the case, the court did not err in appointing a receiver." The allegations in paragraph 15 of the present petition, that "Your petitioner . . has no adequate remedy at law, his damage being incalculable, in that if he is run off the place he will not know the amount of the crops produced nor the labor necessary to produce same, and therefore his damages will be under such circumstances too remote and speculative upon which to

base a suit," are mere conclusions of the pleader, and do not suffice to present a case for equitable interference. *Atlantic Coast Line Railroad Co.* v. *Gunn,* 185 *Ga.* 108 (2), 110 (194 S. E. 365). The mere fact that it would be difficult to procure evidence would not render the injury irreparable in a legal sense. *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342 (6) (50 S. E. 164). As to the legal remedies which are open to the plaintiff in such case, see *Jennings* v. *Lanham,* 19 *Ga. App.* 79 (90 S. E. 1038); *Perdue* v. *Cason,* 22 *Ga. App.* 284 (96 S. E. 16); *Surrency* v. *O'Quinn,* 45 *Ga. App.* 455 (2) (165 S. E. 171).

*Judgment reversed. All the Justices concur.*