A94A1457. MIAMI VALLEY FRUIT FARM, INC. et al.
v. SOUTHERN ORCHARD SUPPLY COMPANY.
(448 SE2d 482)

ANDREWS, Judge.

Southern Orchard Supply Company was granted an interlocutory injunction restraining Miami Valley Fruit Farm, Inc. and W. H. Davidson, Jr., from interfering with Southern Orchard's performance under an oral agreement between the parties for Southern Orchard to cultivate and harvest the peach crop on 295 acres of land owned by Miami Valley and Davidson. The appeal by Miami Valley and Davidson from the trial court's order granting the interlocutory injunction was filed in the Supreme Court, which transferred the case to this court pursuant to an order finding that "any equitable relief is ancillary to the underlying issue of enforceability of the oral contract. . . . See *Pittman v. Harbin Clinic,* 263 Ga. 66 [428 SE2d 328] (1993)."

Evidence presented at the interlocutory injunction hearing showed that the parties entered into an oral agreement whereby Miami Valley and Davidson, who owned the 295 acres of land at issue, purchased the subject peach trees and Southern Orchard entered upon the land for the purpose of planting, cultivating and harvesting the peach trees. Under the agreement, which has been in effect on the 295 acres at issue since the late 1970's, the parties equally divided the net profits from the sale of each year's peach crop.

After the 1993 peach crop was harvested and sold, Miami Valley and Davidson informed Southern Orchard that they were terminating the oral agreement and that Southern Orchard would not be allowed entry upon the land for the cultivation and harvest of the 1994 peach crop. Southern Orchard brought this action seeking injunctive relief and contending that it had made substantial investments in the planting and cultivation of the peach trees and in equipment and packing facilities pursuant to the mutual understanding of the parties that the agreement would continue for the "economic life" of the peach trees. There was evidence showing that, after a peach tree orchard is planted, expenses must be incurred to cultivate the trees for a period of years before they mature enough to bear fruit and begin to produce profitable, full crops. Thereafter, the trees have an "economic life" for a period of years during which they continue to produce profitable crops each year until their fruit production declines to the point where they are no longer profitable and new trees must be planted. There was also evidence that the "economic life" of the trees varies based on factors such as the variety of the peach and

cultivation techniques.

Testimony showed that the trees at issue were mature trees, producing profitable crops, with years of remaining "economic life." Southern Orchard contends that the agreement for the "economic life" of the trees was necessary in order to provide for recoupment of its expenses and that Miami Valley and Davidson breached the agreement by terminating it while the trees continued to produce profitable crops. Miami Valley and Davidson contend that there was no agreement between the parties for any specific duration of the contract; that they considered the agreement to run from year-to-year; and that, in any event, the "economic life" of a peach tree could not provide the agreement with a definite term since it cannot be determined with any degree of certainty. Accordingly, they claim they had the right to terminate the agreement.

In its order granting the interlocutory injunction, the trial court held that there was an enforceable oral contract for Southern Orchard to cultivate and harvest the peach trees on the land at issue for the "economic life" of the trees; that the oral contract was not barred by the Statute of Frauds because of Southern Orchard's performance under the agreement for a number of years; and that, because Southern Orchard had no adequate remedy at law for the breach of the agreement, it was appropriate to grant injunctive relief restraining Miami Valley and Davidson from interfering with Southern Orchard's performance of the agreement for the 1994 peach crop.

On appeal, Miami Valley and Davidson argue that the trial court erred by granting the interlocutory injunction because the agreement was unenforceable for lack of any definite duration and that, in the absence of any agreement as to duration, part performance by Southern Orchard was not sufficient to render the agreement enforceable for the uncertain duration of the "economic life" of the peach trees.[1]

"A trial court can [exercise its discretion to] grant an interlocutory injunction to preserve the status quo but cannot make a final determination of the issues at the interlocutory hearing unless there is a consolidated hearing as authorized by OCGA § 9-11-65 (a) (2). In

---

[1] Miami Valley and Davidson do not raise the Statute of Frauds (OCGA § 13-5-30) as a defense to enforcement of the oral contract. In any event, there was evidence supporting the trial court's determination that Southern Orchard's performance removed the agreement from the bar of the Statute of Frauds. Compare *Golden v. Nat. Svc. Indus.*, 210 Ga. App. 53 (435 SE2d 270) (1993).

Since the issue was not raised by the appellants, we do not address whether Southern Orchard was entitled to injunctive relief because it lacked any adequate remedy at law. See *Bussell v. Bishop*, 152 Ga. 428, 430-431 (110 SE 174) (1921); *Nicholson v. Cook*, 76 Ga. 24 (1885); *Lyles v. Watson*, 189 Ga. 768 (7 SE2d 909) (1940); *Perdue v. Cason*, 22 Ga. App. 284 (96 SE 16) (1918); *Surrency v. O'Quinn*, 45 Ga. App. 455 (165 SE 171) (1932); *Wideman v. Selph*, 71 Ga. App. 343, 345-346 (30 SE2d 797) (1944); compare *Hanson v. Fletcher*, 183 Ga. 858, 859-860 (190 SE 29) (1937).

this case, the trial court did not order the hearing on the interlocutory injunction consolidated with the trial of the action on the permanent injunction." (Citations and punctuation omitted.) *Ga. Canoeing Assn. v. Henry,* 263 Ga. 77 (428 SE2d 336) (1993). At such a hearing, the trial court "should determine questions of evidence only to the extent necessary to decide whether interlocutory relief should be granted. [F]inding[s] of fact made in the trial court's order [are] not final and [are] not conclusive between the parties on the final trial." (Citation and punctuation omitted.) *McGregor v. Town of Fort Oglethorpe,* 236 Ga. 711, 713 (225 SE2d 238) (1976). "[An appellate] court will not disturb [the trial court's] discretion [in granting an interlocutory injunction] unless it is abused or there is no evidence to support the ruling. [Cit.]" *Ga. Dept. of Agriculture v. Ga. Crown Distrib. Co.,* 262 Ga. 761 (425 SE2d 876) (1993); OCGA § 9-5-8.

Although the trial court did not characterize the nature of the relationship between the parties, there was evidence that it resembled that of a landlord and cropper. See OCGA § 44-7-100. "The relation of landlord and cropper is really the relation of employer and employee." *Bussell v. Bishop,* 152 Ga. 428, 430 (110 SE 174) (1921). " 'Where a person is hired to serve another without any agreement as to the duration of service, there is no inflexible rule of law as to the length of time the hiring is to continue. The question as to the length of time the hiring is to continue will be governed by the circumstances of each particular case. [For example], [i]f one is hired to work in a crop being raised, the presumption is, in the absence of circumstances showing a contrary intention, that his term of service is to continue during the crop season.' " *McClure v. Leasco Computer,* 134 Ga. App. 871, 872-873 (216 SE2d 689) (1975).

In the present case, there was evidence that the parties intended the employment contract to continue for more than a single crop season. As to the trial court's finding that there was an enforceable contract between the parties for the "economic life" of the peach trees, there was evidence which could support a determination that, considering the particular circumstances and expenses attendant to the agreement to plant, cultivate and harvest the peach trees, the parties agreed that the employment contract would continue for as long as the trees produced reasonably profitable crops, a period referred to as the "economic life" of the peach trees. See *Lineberger v. Williams,* 195 Ga. App. 186, 187-188 (393 SE2d 23) (1990); *General Forms v. Continental Cas. Co.,* 123 Ga. App. 52, 54 (179 SE2d 522) (1970); *Smith v. Cowart,* 75 Ga. App. 268, 272-273 (43 SE2d 196) (1947). Under the evidence presented, the trial court did not abuse its discretion in granting the interlocutory injunction.

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED AUGUST 17, 1994 —
RECONSIDERATION DENIED SEPTEMBER 12, 1994.

*Robert E. Lanyon, Mincey & Green, Thomas M. Green*, for appellants.

*Adams & Adams, Charles R. Adams III, Byrd & Anthony, Garland T. Byrd*, for appellee.