[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 3, 2007
THOMAS K. KAHN
CLERK

No. 06-16131
Non-Argument Calendar
_____

D. C. Docket No. 05-00104-CV-HLM-4

I. MICHAEL DYCIO,

Plaintiff-
Counter-Defendant-
Appellant,

versus

PEACH STATE LABS, INC.,

Defendant-
Counter-Claimant-
Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 3, 2007)**

Before ANDERSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

I. Michael Dycio appeals the district court's order granting summary judgment in favor of Peach State Labs, Inc, and denying his motion for partial summary judgment. After a thorough review of the record, we affirm.

Dycio filed a complaint against Peach State Labs, Inc. ("Peach State") alleging breach of contract, fraud, and unjust enrichment in connection with an oral contract to sell Peach State's products, including Novac A-CL. After Dycio made such sales from 1996 through 2003, Peach State notified Dycio that he would no longer be compensated for these sales. Dycio requested compensatory and punitive damages, as well as attorney's fees and declaratory relief.

Peach State answered the complaint, and moved for summary judgment.[1] According to Peach State, oral contracts for an indefinite period were terminable at will and unenforceable and the claims were barred by the Statute of Frauds. Dycio also moved for summary judgment on the breach-of-contract claim and the request for declaratory judgment.

The court granted Peach State's motion for summary judgment and denied Dycio's motion for partial summary judgment, concluding that an oral agreement for an indefinite period of time was an unenforceable contract and Dycio's employment was terminable at will. The court also found that, even if the contract

___

[1] Peach State originally filed a counter claim. By agreement of the parties, the court voluntarily dismissed the counter claim, as well as one of the counts in Dycio's complaint.

2

was for a definite time, it was barred by the Statute of Frauds because it had not been reduced to writing, and that Dycio's past performance was not sufficient to remove the agreement from the Statute of Frauds. Addressing the fraud and unjust enrichment claims, the court determined that oral promises were unenforceable by at-will employees and could not be the basis for a fraud or other tort claim, and any claim of unjust enrichment was speculative.

Dycio now appeals, alleging that the court erred by granting summary judgment in favor of Peach State and by ignoring precedent.[2]

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Skrtich v. Thorton, 280 F.3d 1295, 1299 (11th Cir. 2002).

After a review, we affirm for the reasons given in the district court's thorough order dated October 27, 2006.

AFFIRMED.

---

[2] The precedent to which Dycio cites is Miami Valley Fruit Farms, Inc. v. Southern Orchard Supply, Inc., 448 S.E.2d 482 (Ga. Ct. App. 1994). That case, however, is inapplicable to the facts of the instant case, as the period of employment in Miami Valley was not indefinite and could be defined by the economic life of the trees. In contrast, in the instant case, there was no such defining period of time.

3